UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS R. INGRAO,<br><br>    Plaintiff,<br><br>    v.<br><br>JEREMY STOPPELMAN, et al.,<br><br>    Defendants. | Case No. 20-cv-02753-EMC<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Docket No. 46 |

Pending before the Court is Defendants' motion for leave to file a motion for reconsideration of this Court's November 30, 2020 Order denying their motion to dismiss. *See* Docket No. 46 ("Mot."). Defendants argue that reconsideration is appropriate because the individual defendants, Jeremy Stoppelman, Charles Baker, and Joseph R. Nachman, have since executed tolling agreements preserving any claims Yelp, Inc. ("Yelp") has against them related to Plaintiff Nicholas Ingrao's complaint. *See id.* at 2.

The Court was not under the "misimpression" that Defendants had not entered into tolling agreements when it issued its order denying Defendants' motion to dismiss. *Id.* To the contrary, the Court explained it was deciding the motion "on the *assumption* that the individual Defendants are not interested in agreeing to toll the statute of limitations" because the individual Defendants did not notify this Court before the November 12, 2020 deadline that they had entered into tolling agreements with Yelp, nor did they ask for additional time to do so. Docket No. 40 ("Order on MTD") at 3 (emphasis added); *see also* Docket No. 38 (Nov. 12, 2020 Letter from Aaron Miner to this Court) at 1 ("Yelp will provide an update to the Court when it receives a response from the Individual Defendants."). Defendants cannot refuse to provide the relevant information to the

Court in time to decide the motion and then ask for reconsideration alleging the Court misunderstood the facts.

Moreover, shortly after denying Defendants' motion to dismiss and upon receiving notice that the individual Defendants had entered into tolling agreements preserving Mr. Ingrao's derivative claims, the Court stayed this action pending the outcome of the related securities class action, *Davis et al. v. Yelp Inc. et al.*, No. 3:18-cv-0400-EMC (N.D. Cal. Filed Jan. 18, 2018) (the "*Davis* Action"). *See* Docket No. 40 ("Stay Order"). The Court sees no benefit to lifting this stay and dismissing this action. If anything, dismissing this action would be a waste of judicial resources because Mr. Ingrao would be required to re-file this action and start from scratch if the *Davis* Action does not sufficiently resolve his derivative claims.

Accordingly, Defendants' motion for leave to file a motion for reconsideration is **DENIED**.

This order disposes of Docket No. 46.

**IT IS SO ORDERED**.

Dated: January 11, 2021

_____
EDWARD M. CHEN
United States District Judge