# EXHIBIT 1

1

2  ROBBINS GELLER RUDMAN
   & DOWD LLP
   SHAWN A. WILLIAMS (213113)
3  Post Montgomery Center
   One Montgomery Street, Suite 1800
4  San Francisco, CA  94104
   Telephone:  415/288-4545
5  415/288-4534 (fax)
   shawnw@rgrdlaw.com
6      – and –
   TRAVIS E. DOWNS III (148274)
7  BENNY C. GOODMAN III (211302)
   ERIK W. LUEDEKE (249211)
8  655 West Broadway, Suite 1900        SHUMAN, GLENN & STECKER
   San Diego, CA  92101                 KIP B. SHUMAN (145842)
9  Telephone:  619/231-1058             100 Pine Street, Suite 1250
   619/231-7423 (fax)                   San Francisco, CA  94101
10 travisd@rgrdlaw.com                  Telephone:  303/861-3003
   bennyg@rgrdlaw.com                   303/536-7849 (fax)
11 eluedeke@rgrdlaw.com                 kip@shumanlawfirm.com

12 Attorneys for Plaintiff

13 [Additional counsel appear on signature page.]

14              UNITED STATES DISTRICT COURT

15             NORTHERN DISTRICT OF CALIFORNIA

16 NICHOLAS R. INGRAO, Derivatively on    )  Case No. 3:20-cv-02753
   Behalf of YELP INC.,                   )
17                                        )  STIPULATION OF SETTLEMENT
                   Plaintiff,             )
18                                        )
          vs.                             )
19                                        )
   JEREMY STOPPELMAN, et al.              )
20                                        )
                   Defendants,            )
21                                        )
          – and –                        )
22                                        )
   YELP INC., a Delaware corporation,     )
23                                        )
                   Nominal Defendant.     )
24 _____    )

25

26

27

28

1         This Stipulation of Settlement, dated January 28, 2022 ("Stipulation" or "Settlement"), is

2   made and entered into by and among the following Settling Parties (as defined further in ¶IV.1.19),

3   and by and through their respective counsel: (i) plaintiff Nicholas R. Ingrao ("Plaintiff"), the plaintiff

4   in the above-captioned shareholder derivative action (the "Action") (on behalf of himself and

5   derivatively on behalf of Yelp Inc. ("Yelp" or the "Company")); (ii) nominal defendant Yelp; and

6   (iii) defendants Jeremy Stoppelman, Charles "Lanny" Baker, and Joseph R. "Jed" Nachman

7   (collectively, the "Individual Defendants," and together with Yelp, the "Defendants").  Pursuant to

8   the Settlement, Yelp will receive $18 million in cash to be paid by the Individual Defendants'

9   insurance carriers and will institute a series of corporate governance reforms designed to enhance

10  Yelp's internal controls and operations.  This Stipulation is intended by the Settling Parties to fully,

11  finally, and forever resolve, discharge, release, and settle the Released Claims (as defined below in

12  ¶IV.1.16) upon final Court approval and subject to the terms and conditions hereof.

13  **I.     INTRODUCTION**

14      **A.     The Pre-Suit Litigation Demand**

15        On March 11, 2019, Plaintiff issued a written pre-suit litigation demand (the "Demand")

16  under Delaware law to Yelp's Board of Directors (the "Board").  The Demand alleged that in early

17  2017, the Individual Defendants engaged in an unlawful scheme in which they misled Yelp

18  shareholders about the purported success of the Company's business and advertising model and its

19  prospects for future revenue and earnings growth.  According to the Demand, in breach of their

20  fiduciary duties of care, good faith, and loyalty, the Individual Defendants made a series of

21  materially false and misleading public statements that severely damaged Yelp by exposing the

22  Company to liability for violating the federal securities laws in a class action against Yelp and the

23  Individual Defendants, captioned *Azar v. Yelp Inc.*, No. 3:18-cv-00400-EMC (N.D. Cal.) (the

24  "Securities Class Action").  The Demand further alleged that prior to the truth of the Individual

25  Defendants' misconduct being revealed through the Company's May 9, 2017 announcement of

26  decreased 2017 guidance, Yelp's co-founder and Chief Executive Officer, defendant Jeremy

27  Stoppelman, sold artificially-inflated shares of his personal Yelp stock holdings based on material,

28  adverse, non-public information.

As a result of the Individual Defendants' alleged breaches of their fiduciary duties, Plaintiff demanded that the Yelp Board take critical steps to preserve and protect the Company's valuable claims against the Individual Defendants, including: (i) that the Board cause Yelp to "file a Complaint for breach of fiduciary duty of care, breach of fiduciary duty of loyalty, and aiding and abetting breaches of fiduciary duties, contribution and indemnification against [the Individual Defendants] in the United States District Court for the Northern District of California"; and (ii) that the Board "cause Yelp to immediately file an amended answer in the Securities [Class] Action, and/or file a cross-complaint against [defendants] in the Securities [Class] Action, asserting claims for relief for breach of fiduciary duty, aiding and abetting breaches of fiduciary duties, contribution, indemnification and such other relief as the Board deems necessary to protect Yelp's interests against [the Individual Defendants]."  The Board considered Plaintiff's Demand at its June 2019 meeting and made the decision to "defer further substantive consideration of the Demand until the resolution of the [Securities Class Action] because the Demand 'relates to the same underlying allegations . . . which Yelp has denied.'"  Plaintiff was informed of the Board's decision on July 8, 2019.

**B.     The Action**

Approximately thirteen months after issuing the Demand to the Board, on April 21, 2020, Plaintiff initiated the above-captioned Action by filing a Verified Shareholder Derivative Complaint for Breach of Fiduciary Duty, Aiding and Abetting Breaches of Fiduciary Duty, Unjust Enrichment and Violation of the Federal Securities Laws (the "Complaint") against the Individual Defendants on behalf of nominal defendant Yelp (ECF No. 1).  The Complaint asserted claims against the Individual Defendants pursuant to Delaware law for breach of fiduciary duty, unjust enrichment, and aiding and abetting breaches of fiduciary duty, and under §§10(b) and 21D of the Securities Exchange Act of 1934 for contribution, based on substantially the same factual allegations raised in Plaintiff's Demand.  In addition, the Complaint alleged that Plaintiff's Demand had been constructively and wrongfully refused by the Board.

On June 25, 2020, Defendants filed a motion to dismiss the Action (the "Motion to Dismiss") pursuant to Rules ("Rule(s)") 12(b)(6) and 23.1 of the Federal Rules of Civil Procedure (ECF

1   No. 19).  Plaintiff filed his opposition to the Motion to Dismiss on July 27, 2020 (ECF No. 26), and

2   Defendants filed a reply in support of the Motion to Dismiss on August 26, 2020 (ECF No. 28).  A

3   hearing was held in connection with the Motion to Dismiss on September 24, 2020 (ECF No. 32).

4   On November 30, 2020, the Court entered an Order denying the Motion to Dismiss in its entirety

5   (the "MTD Order"), concluding that the Board's deferral "amounts to a constructive rejection of the

6   Demand . . . due to the statute of limitations".  ECF No. 40 at 7.

7       On December 14, 2020, the Court entered an Order staying further proceedings in the Action

8   pending the resolution of the Securities Class Action (ECF No. 44).  On December 16, 2020,

9   Defendants filed a Motion for Leave to File a Reconsideration Motion of the Court's MTD Order

10   (ECF No. 46) (the "Reconsideration Motion").  On January 11, 2021, the Court denied Defendants'

11   Reconsideration Motion (ECF No. 47).

12       **C.   Settlement Negotiations**

13       On March 8, 2021, Plaintiff sent a settlement demand to Defendants.  Shortly thereafter, the

14   Settling Parties agreed to participate in a private mediation to be conducted on May 6, 2021 (the

15   "Mediation") before the Honorable Daniel Weinstein (Ret.) and Jed Melnick (the "Mediators").  In

16   advance of the Mediation, Plaintiff and Defendants each prepared detailed mediation statements

17   which were submitted to the Mediators and exchanged on April 26, 2021.  In addition, Defendants

18   made a confidential production of documents to Plaintiff, which Plaintiff's Counsel (as defined

19   below in ¶IV.1.14) reviewed and analyzed.

20       On May 6, 2021, representatives for the Settling Parties participated in the full-day

21   Mediation.  Although the Settling Parties failed to reach an agreement to resolve the Action at the

22   Mediation, settlement negotiations under the supervision of the Mediators continued thereafter,

23   spanning a period of approximately six months.  Among other things, representatives for the

24   respective Settling Parties engaged in extensive discussions with each other and with the Mediators

25   concerning Plaintiff's demand for substantial financial relief for the benefit of Yelp, Yelp's

26   corporate governance practices, and proposals exchanged by the Settling Parties related to

27   enhancement of those corporate governance practices.  At Plaintiff's request, Defendants made an

28

1  additional confidential production of documents to Plaintiff in October 2021, which Plaintiff's

2  Counsel reviewed and analyzed.

3  Ultimately, these efforts culminated with the Settling Parties accepting a proposal made by

4  the Mediators (the "Mediators' Proposal") to resolve the Action on November 23, 2021.  Thereafter,

5  on December 2, 2021, the Settling Parties executed a formal Memorandum of Understanding.

6  Per the terms of the Mediators' Proposal accepted by the Settling Parties, as a result of the

7  Action and the Settlement, subject to Court approval, Yelp will receive $18 million in cash to be

8  paid by the Individual Defendants' insurance carriers.  In addition, Yelp will institute a series of

9  corporate governance reforms which are designed to enhance Yelp's internal controls and

10  operations.  Plaintiff and Yelp believe that the proposed Settlement at this juncture on the terms and

11  on the conditions set forth herein is fair, reasonable, adequate, and in the best interests of Yelp and

12  its shareholders.

13  Further, per the terms of the Mediators' Proposal accepted by the Settling Parties and based

14  upon the substantial benefits conferred by the Settlement on Yelp and its shareholders, the Company,

15  acting through the Non-Defendant Members of Yelp's Board, has agreed to pay Plaintiff's Counsel's

16  attorneys' fees and expenses in the amount of $3.75 million (the "Fee and Expense Amount").

17  **D.  Approval of the Settlement by the Non-Defendant Members of Yelp's Board of Directors**

18
19  On January 27, 2022, the Non-Defendant Members of Yelp's Board (as defined below in

20  ¶IV.1.11) reviewed the proposed Settlement, and in a good faith exercise of their independent

21  business judgment, determined unanimously that the Settlement confers substantial benefits upon

22  Yelp and its shareholders, and that resolution of the Action on the terms set forth in this Stipulation

23  of Settlement, including the $18 million cash payment to Yelp, corporate governance reforms,

24  releases, and the Fee and Expense Amount, would serve the best interests of Yelp and its

25  shareholders.  A copy of the resolution reflecting the Non-Defendant Board Members' determination

26  has been provided to Plaintiff's Counsel.

27
28

## II.     PLAINTIFF'S CLAIMS AND BENEFITS OF SETTLEMENT

Plaintiff and Plaintiff's Counsel believe that the claims asserted in the Action have merit. However, Plaintiff and Plaintiff's Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against the Individual Defendants through trial and potential appeal(s).   Plaintiff and Plaintiff's Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially complex litigation such as the Action, as well as the difficulties and delays inherent in such litigation.   Plaintiff and Plaintiff's Counsel also are mindful of the inherent problems of proof of, and possible defenses to, the claims asserted in the Action.   Plaintiff also submits that the prosecution of the Action and Settlement set forth in the Stipulation will result in Yelp's recovery of $18 million in cash.   Additionally, Plaintiff and Plaintiff's Counsel believe that Yelp will reap substantial benefits through the adoption of the corporate governance reforms set forth in the Settlement.

Plaintiff's Counsel have conducted extensive investigation and analysis, including, *inter alia*: (i) reviewing Yelp's press releases, public statements, U.S. Securities and Exchange Commission ("SEC") filings, and securities analysts' reports and advisories about the Company; (ii) reviewing related media reports about the Company; (iii) researching applicable Delaware and federal law with respect to the claims alleged in the Action and potential defenses thereto; (iv) analyzing filings and evaluating evidence from the Securities Class Action; (v) preparing the pre-suit Demand; (vi) preparing and filing the Complaint; (vii) negotiating for, reviewing, and analyzing confidential document productions made by Defendants; (viii) conducting damages analyses; (ix) preparing and submitting a detailed mediation statement; and (x) negotiating this Settlement with Yelp and the Individual Defendants, including by participating in the Mediation, researching corporate governance best practices, and negotiating and drafting corporate governance reforms.

Based on their evaluation, Plaintiff and Plaintiff's Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Yelp and its shareholders.

## III.     THE DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Each of the Defendants has denied and continues to deny each and every one of the claims and contentions alleged by Plaintiff in the Action.  Each of the Defendants expressly has denied and

1    continues to deny all allegations of wrongdoing, liability, or damages arising out of, based upon, or

2    related to any of the conduct, statements, acts or omissions alleged, or that could have been alleged,

3    in the Action.  Without limiting the foregoing, each of the Individual Defendants has denied and

4    continues to deny, among other things, that they breached their fiduciary duties or any other duty

5    owed to Yelp or its shareholders or engaged in any wrongdoing, or that Plaintiff, Yelp, or its

6    shareholders suffered any damage or were harmed as a result of any conduct that was or that could

7    have been alleged against them in the Action or otherwise.

8         Nonetheless, Defendants also have taken into account the expense, uncertainty, and risks

9    inherent in any litigation, especially in complex cases like the Action.  Yelp, through a majority of

10   the Non-Defendant Members of Yelp's Board, has approved the Settlement and each of its terms,

11   including the $18 million cash payment to Yelp, corporate governance reforms, releases, and the

12   separately negotiated Fee and Expense Amount, as set forth in this Stipulation, as in the best interest

13   of Yelp and its shareholders.  Further, Defendants have determined that it is desirable and beneficial

14   that the Action, and all of the Settling Parties' disputes related thereto, be fully and finally settled in

15   the manner and upon the terms and conditions set forth in this Stipulation.  Pursuant to the terms set

16   forth below, this Stipulation (including all of the Exhibits attached hereto) shall in no event be

17   construed as or deemed to be evidence of, or an admission or concession by any of the Individual

18   Defendants or by Yelp with respect to, any claim of fault, liability, wrongdoing, or damage

19   whatsoever.

20   **IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

21        NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the

22   Settling Parties, by and through their respective undersigned attorneys and subject to the approval of

23   the Court pursuant to Federal Rule of Civil Procedure 23.1(c), that in exchange for the consideration

24   set forth below, the Action and Released Claims shall be fully, finally, and forever compromised,

25   settled, discharged, relinquished and released, and the Action shall be dismissed with prejudice and

26   without costs (except as expressly herein provided) as to each of the Individual Defendants and

27   Yelp, upon and subject to the terms and conditions of this Stipulation, as follows:

28

1. **Definitions**

As used in this Stipulation the following terms have the meanings specified below:

1.1  "Action" means the above-captioned shareholder derivative action.

1.2  "Yelp" or the "Company" means Yelp Inc., including, but not limited to, its predecessors, successors, partners, joint ventures, subsidiaries, affiliates, divisions, and assigns.

1.3  "Court" means the United States District Court for the Northern District of California, San Francisco Division.

1.4  "Final Approval Order" means the Order Approving Derivative Settlement and Order of Dismissal with Prejudice, substantially in the form attached as Exhibit B hereto.

1.5  "Effective Date" means the first date by or on which all of the events and conditions specified in ¶IV.6.1 of this Stipulation have been met and have occurred.

1.6  "Escrow Account" means an interest-bearing escrow account at Citibank, N.A. controlled by an agreed upon representative of each of the Escrow Agents and established with Yelp's tax identification number.

1.7  "Escrow Agents" means Yelp and Robbins Geller Rudman & Dowd LLP.

1.8  "Final" means the time when the Final Approval Order and Judgment have not been reversed, vacated, or modified in any way and are no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage, without action, of time for seeking appellate review (including by petition for writ of certiorari). More specifically, it is that situation when: (i) either no appeal has been filed and the time has passed for any notice of appeal to be timely filed in the Action; or (ii) an appeal has been filed and the court(s) of appeal has/have either affirmed the Final Approval Order and Judgment or dismissed that appeal and the time for any reconsideration or further appellate review (including by petition for writ of certiorari) has passed and the appellate court mandate(s) has/have issued; or (iii) a higher court has granted further appellate review and that court has either affirmed the underlying Final Approval Order and Judgment or affirmed the court of appeal's decision affirming the Final Approval Order and Judgment or dismissing the appeal.

1.9 "Individual Defendants" means Jeremy Stoppelman, Charles "Lanny" Baker, and Joseph R. "Jed" Nachman.

1.10 "Judgment" means the judgment to be rendered by the Court in the Action upon its final approval of this Settlement, substantially in the form attached hereto as Exhibit C.

1.11 "Non-Defendant Members of Yelp's Board" means the members of Yelp's Board of Directors, as of the date upon which this Settlement is submitted for their approval, who are not named as defendants in the Action, *i.e.*, all Yelp Board members other than defendant Stoppelman.

1.12 "Person" means an individual, corporation, limited liability company, professional corporation, limited liability partnership, partnership, limited partnership, association, joint venture, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and each of its or their spouses, executors, heirs, predecessors, successors, representatives, shareholders, general or limited partners, members or managing members, attorneys, or assignees.

1.13 "Plaintiff" means Nicholas R. Ingrao.

1.14 "Plaintiff's Counsel" means Robbins Geller Rudman & Dowd LLP and Shuman Glenn & Stecker.

1.15 "Related Parties" means: (i) as to Yelp, Yelp's past or present directors, officers, managers, employees, partners, agents, attorneys, accountants, auditors, insurers, consultants, experts, successors, subsidiaries, divisions, joint ventures, assigns, general or limited partners or partnerships, limited liability partnerships or companies, any entity in which Yelp has a controlling interest, all officers, directors, and employees of Yelp's current and former subsidiaries, and all counsel who advised Yelp in the Action; and (ii) as to the Individual Defendants: (a) each spouse, immediate family member, heir, executor, estate, administrator, representative, agent, attorney, accountant, auditor, insurer, advisor, consultant, expert, or affiliate of any of them; (b) any trust in respect of which any Individual Defendant, or any spouse or family member thereof serves as a settlor, beneficiary or trustee; (c) any entity in which an Individual Defendant, or any spouse or immediate family member thereof, holds a controlling interest or for which an Individual Defendant has served as an employee, director, officer, managing director, advisor, general partner, limited

1    partner, managing member, or member, and any collective investment vehicle which is advised or

2    managed by any of them; and (d) all counsel who advised any Individual Defendant in the Action.

3    For avoidance of doubt, this definition does not apply to Exhibit D attached hereto.

4         1.16   "Released Claims" means any and all claims (including "Unknown Claims," as

5    defined below in ¶IV.1.20), debts, demands, rights, liabilities, and causes of action of every nature

6    and description whatsoever, known or unknown, accrued or un-accrued, liquidated or un-liquidated,

7    matured or un-matured, whether or not concealed or hidden, asserted or un-asserted, by or on behalf

8    of Yelp or Plaintiff against the Individual Defendants, or any of the Related Parties (including,

9    without limitation, claims for negligence, negligent supervision, gross negligence, reckless or

10   intentional conduct, indemnification, breaches of duty, misrepresentation, unjust enrichment,

11   constructive trust, breach of fiduciary duty, negligent or fraudulent misrepresentation, insider

12   trading, mismanagement, corporate waste, breach of contract, or any other claims for damages,

13   interest, attorneys' fees, expert fees, or other costs, expenses, or liabilities, whether based on federal,

14   state, local, foreign, statutory, regulatory, or common law, or in equity, or any other law, rule, or

15   regulations) with respect to any and all conduct, matters, transactions, or occurrences that: (i) were

16   alleged in the Action; (ii) arise from or relate to any of the conduct, matters, transactions, or

17   occurrences that were alleged in the Action; (iii) could have been asserted with respect to any of the

18   matters, transactions, or occurrences that were alleged in the Action; or (iv) arise out of or relate to

19   the defense, settlement, or resolution of the Action.  Notwithstanding the foregoing, nothing herein

20   shall in any way release, impair, or restrict the rights of any Settling Party to enforce the terms of the

21   Stipulation; including the Exhibits hereto.  "Released Claims" shall not include: (i) any claims in the

22   Securities Class Action; or (ii) any Individual Defendants' claims or rights to indemnification and

23   attorneys' fees or expenses as described in ¶IV.4.3 herein.

24        1.17   "Released Persons" means each and all of the Individual Defendants, Yelp, and their

25   respective Related Parties.

26        1.18   "Securities Class Action" means the action titled *Azar v. Yelp Inc.*, No. 3:18-cv-

27   00400-EMC, pending in the United States District Court for the Northern District of California, San

28   Francisco Division.

STIPULATION OF SETTLEMENT - 3:20-cv-02753              - 9 -
4862-2808-3718.v1

1        1.19    "Settling Parties" means, collectively, Plaintiff, each of the Individual Defendants,

2   and Yelp.

3        1.20    "Unknown Claims" means any Released Claims that Plaintiff, Yelp, or a current or

4   former Yelp shareholder does not know or suspect to exist in his, her, or its favor at the time of the

5   release of the Released Persons provided for herein, including claims which, if known by him, her,

6   or it, might have affected his, her, or its settlement with, and release of the Released Persons, or

7   might have affected his, her, or its decision not to object or otherwise to be heard with respect to this

8   Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that,

9   upon the Effective Date, Plaintiff, Yelp, and current or former Yelp shareholders shall be deemed to

10  have, and by operation of the Judgment shall have expressly waived the provisions, rights, and

11  benefits of California Civil Code §1542, which provides:

12          **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
            THAT THE CREDITOR OR RELEASING PARTY DOES NOT
13          KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT
            THE TIME OF EXECUTING THE RELEASE AND THAT, IF
14          KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY
            AFFECTED HIS OR HER SETTLEMENT WITH THE
15          DEBTOR OR RELEASED PARTY.**

16  Further, with respect to any and all claims released pursuant to ¶IV.4.1 and ¶IV.4.3 below, the

17  Settling Parties stipulate and agree that, upon the Effective Date, each of the Released Persons also

18  shall expressly waive, and by operation of the Judgment shall have expressly waived any and all

19  provisions, rights, and benefits conferred by any law of any jurisdiction or any state or territory of

20  the United States, or principle of common law, which is similar, comparable, or equivalent to

21  California Civil Code §1542.  Plaintiff, Yelp, and Yelp shareholders may hereafter discover facts in

22  addition to or different from those which he, she, or it now knows or believes to be true with respect

23  to the subject matter of the Released Claims, known or unknown, suspected or unsuspected,

24  contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore

25  have existed upon any theory of law or equity now existing or coming into existence in the future,

26  including, but not limited to, conduct which is negligent, reckless, intentional, with or without

27  malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence

28  of such different or additional facts.  The Settling Parties acknowledge, and Yelp's shareholders

1  shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was

2  separately bargained for and is a key element of the Settlement of which this release is a part.

3      **2.**     **Consideration to Yelp**

4      2.1    ***Cash Payment***.  In connection with the Settlement of the Action, the Individual

5  Defendants shall cause their insurers to make a cash payment in the amount of $18 million to Yelp

6  (the "Cash Payment"). The Cash Payment shall be paid into the Escrow Account within twenty (20)

7  business days after preliminary approval of the Settlement by the Court, subject to the terms and

8  provisions of this Stipulation. The Escrow Account shall be jointly controlled by a representative of

9  Yelp and a representative of Robbins Geller Rudman & Dowd LLP (subject to oversight by the

10  Court) on terms to be agreed to in an escrow agreement governing the Escrow Account. The Escrow

11  Account shall be maintained at Citibank, N.A. and established with Yelp's tax identification number,

12  and any fee(s) associated with the creation and/or maintenance of the Escrow Account shall be paid

13  by Yelp. Within five (5) calendar days after entry of the Final Approval Order by the Court, the

14  funds remaining in the Escrow Account including interest thereon and after payment of the Fee and

15  Expense Amount awarded to Plaintiff's Counsel (as further described below) shall be released to

16  Yelp notwithstanding the existence of any timely filed objections to the Final Approval Order or

17  potential for appeal therefrom, or collateral attack on the Settlement, subject to Yelp's obligation to

18  make appropriate refunds or repayments if, as a result of any appeal and/or further proceedings on

19  remand, or successful collateral attack, approval of the Settlement is denied or overturned.

20      2.2    Yelp, by and through the Non-Defendant Members of Yelp's Board, acknowledges

21  and agrees that the Cash Payment confers substantial benefits upon Yelp and its shareholders. Yelp

22  also acknowledges and agrees that Plaintiff's Demand and Plaintiff's subsequent commencement,

23  prosecution, and settlement of the Action were precipitating and material factors in the Company's

24  recovery of the Cash Payment.

25      2.3    The Settling Parties acknowledge and agree that:

26      (a)    With respect to the Escrow Account:

27      (i)    the amounts deposited in the Escrow Account pursuant to ¶IV.2.1,

28  while on deposit therein, are not, and shall not be deemed to be, property of the estate of any Person

1    (including, but not limited to, any Settling Party or any of the Insurers) within the meaning of 11

2    U.S.C. §541 or any similar provision of any other law;

3                          (ii)      each of the Settling Parties hereby disclaims, releases, and waives any

4    right it may have to assert that it has any equitable title to any amount in the Escrow Account;

5                          (iii)     The Defendants' insurers are funding all of the amounts being

6    deposited into the Escrow Account;

7                          (iv)      the commencement by or against any Settling Party of a case or

8    proceeding pursuant to Title 11 of the United States Code, any state insolvency or receivership law,

9    or any state law relating to general assignment for the benefit of creditors, composition, marshaling,

10   or other similar arrangements and procedures, shall not operate to stay, terminate, cancel, suspend,

11   excuse, delay, impede, or otherwise interfere with or impair: (1) the rights of Yelp to receive the

12   Cash Payment from the Escrow Account, pursuant to this Stipulation, the Escrow Agreement, and

13   the Final Approval Order and Judgment; or (2) the duties of the Escrow Agents under this

14   Stipulation, the Escrow Agreement, and the Final Approval Order and Judgment, including, but not

15   limited to, the Escrow Agents' obligation to release the Cash Payment to the Company consistent

16   with this Stipulation;

17                         (v)       the Individual Defendants shall not have any interest in any amounts

18   deposited in the Escrow Account at any time;

19                         (vi)      the Individual Defendants' insurers shall have no interest in any

20   amounts deposited in the Escrow Account at any time unless, until, and solely to the extent that any

21   funds are due to the Individual Defendants' insurers pursuant to ¶IV.6.2(c) below; and

22                         (vii)     in the event of the entry of a final order of a court of competent

23   jurisdiction, prior to the Effective Date, determining that the payment of the Cash Payment or any

24   portion thereof by any Person is a preferential transfer, voidable or avoidable transfer, fraudulent

25   transfer, or similarly recoverable transaction and requiring any portion thereof to be returned, and

26   such amount is not promptly deposited into the Escrow Account by the Individual Defendants or

27   others on their behalf, then the Final Approval Order and Judgment shall be vacated and set aside, in

28

1  which event the Settling Parties, Released Persons, and Related Parties shall be restored to their

2  respective positions that existed immediately prior to January 28, 2022.

3      (b)    None of the Settling Parties shall have any right, title, or interest in or to, or

4  possession of the Escrow Account, and therefore shall not have the ability to pledge, convey,

5  hypothecate, or grant as security all or any portion of the funds in the Escrow Account, unless and

6  until, and solely to the extent that, any such funds have been released from the Escrow Account

7  pursuant to this Stipulation and the applicable escrow agreement, and are received by the party to

8  which the release of funds is to be made.  The Escrow Agents shall be in joint possession of the

9  funds therein solely in their capacity as such, and shall not act as custodian of the Settling Parties for

10  purposes of perfecting a security interest therein, and no creditor of any of the Settling Parties shall

11  either have any right to have or to hold or otherwise attach or seize all or any portion of either of the

12  Escrow Account as collateral for or in satisfaction of any obligation, or be able to obtain a security

13  interest in any of the funds in the Escrow Account unless and until, and solely to the extent that, any

14  such funds have been released from the Escrow Account pursuant to this Stipulation and the

15  applicable escrow agreement, and are received by the Person to which the release of funds is to be

16  made.

17      2.4    ***Corporate Governance Reforms***.  Within forty-five (45) days or at the next regularly

18  scheduled meeting of the Yelp Board (whichever comes later) following final approval of the

19  Settlement by the Court, the Board shall adopt resolutions and/or take such other actions as it deems

20  necessary or appropriate to implement the Corporate Governance Reforms specified in Exhibit D.

21  The Corporate Governance Reforms shall remain in effect for no less than four (4) years from the

22  date of such adoption.

23      2.5    Yelp, by and through the Non-Defendant Members of Yelp's Board, acknowledges

24  and agrees that the Corporate Governance Reforms confer substantial benefits upon Yelp and its

25  shareholders.  Yelp also acknowledges and agrees that Plaintiff's Demand and Plaintiff's subsequent

26  commencement, prosecution, and settlement of the Action were precipitating and material factors in

27  the adoption of the Corporate Governance Reforms set forth in Exhibit D to this Stipulation.  Any

28  claimed breach of this ¶IV.2.5 is subject to resolution pursuant to ¶IV.7.10 of this Stipulation.

**3.      Settlement Procedures**

3.1      Within ten (10) business days after execution of this Stipulation by all Settling Parties, Plaintiff shall submit this Stipulation together with its Exhibits to the Court and shall move for entry of an order substantially in the form of Exhibit A to the Stipulation (the "Preliminary Approval Order"), requesting, among other things, the preliminary approval of the Settlement set forth in this Stipulation, and approval for the filing and publication of the Settlement Notice, substantially in the forms attached hereto as Exhibits A-1 ("Long-Form Notice") and A-2 ("Short-Form Notice" and collectively with the Long-Form Notice, the "Settlement Notice"), which shall include the general terms of the Settlement set forth in this Stipulation and the date of the Settlement Hearing as described below.

3.2      Within ten (10) calendar days following the Court's entry of the Preliminary Approval Order, Yelp, at its expense, shall cause the Stipulation and Long-Form Notice to be filed as exhibits to an SEC Current Report on Form 8-K, shall publish the Short-Form Notice one time in *The Wall Street Journal*, and shall post a link to this Stipulation and the Long-Form Notice on the "Investor Relations" portion of the Company's website, the address of which shall be contained in the Settlement Notice.

3.3      Plaintiff will request that not less than forty-five (45) days after the Settlement Notice is completed pursuant to the terms of ¶IV.3.2 above or as otherwise directed by the Court, the Court hold a hearing (the "Settlement Hearing") to consider and determine whether the Final Approval Order and the Judgment, substantially in the forms of Exhibits B and C attached hereto, respectively, should be entered: (i) approving the terms of the Settlement as fair, reasonable and adequate; and (ii) dismissing with prejudice the Action against the Individual Defendants.

3.4      Except as otherwise provided herein, all proceedings and discovery in the Action shall remain stayed pursuant to the order of stay entered in the Action, and the Settling Parties shall not file or prosecute any other actions or proceedings relating to the Settlement.  If the Settlement is terminated pursuant to the terms of this Stipulation or if the Effective Date fails to occur, then the provisions of ¶IV.6.2 shall apply.

**4.      Releases**

4.1      Upon the Effective Date, Yelp, Yelp shareholders, and Plaintiff (acting on his own behalf and derivatively on behalf of Yelp), for good and sufficient consideration, the receipt and adequacy of which is hereby acknowledged, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, discharged, and dismissed with prejudice the Released Claims against the Released Persons and all claims, including Unknown Claims, arising out of, relating to, or in connection with the defense, settlement, or resolution of the Action.  Nothing herein shall in any way release, waive, impair, or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

4.2      Upon the Effective Date, Yelp, Yelp shareholders, and Plaintiff (acting on his own behalf and derivatively on behalf of Yelp and its shareholders) shall be forever barred and enjoined from commencing, instituting, or prosecuting any of the Released Claims, including Unknown Claims, against any of the Released Persons; provided, however, that nothing herein shall in any way release, waive, impair, or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

4.3      Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of Plaintiff and Plaintiff's Counsel, Yelp, and all current Yelp shareholders (solely in their capacity as Yelp shareholders) from all claims including Unknown Claims, arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.  Nothing herein shall in any way release, waive, impair, or restrict the rights of any Settling Party to enforce the terms of this Stipulation.

**5.      Plaintiff's Counsel's Attorneys' Fees and Expenses**

5.1      After negotiating the principal terms of the Settlement, counsel for Plaintiff and Defendants, with the assistance of the Mediators, negotiated the attorneys' fees and expenses to be paid to Plaintiff's Counsel based on the substantial benefits conferred upon Yelp and Yelp shareholders by the Settlement.  In light of the substantial benefits conferred upon Yelp and Yelp shareholders by Plaintiff's Counsel's efforts, Yelp, acting by and through the Non-Defendant

1  Members of Yelp's Board, has agreed to pay the Fee and Expense Amount of $3.75 million, subject

2  to Court approval.  The Settling Parties acknowledge and agree that any attorneys' fees and expenses

3  the Court awards to Plaintiff's Counsel shall be paid solely from the Cash Payment, and that none of

4  Yelp or the Individual Defendants shall have any separate responsibility therefor.

5        5.2    The Fee and Expense Amount shall, with Court approval, be paid from the Escrow

6  Account to Robbins Geller Rudman & Dowd LLP, as receiving agent for Plaintiff's Counsel, within

7  five (5) calendar days after entry of the Final Approval Order by the Court, notwithstanding the

8  existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack

9  on the Settlement, subject to Plaintiff's Counsel's several obligation to make appropriate refunds or

10  repayments if, and when, as a result of any appeal and/or further proceedings on remand, or

11  successful collateral attack, the fees and costs awarded to Plaintiff's Counsel are reduced or

12  reversed. Defendants shall have no obligations with respect to Plaintiff's Counsel's fees and/or

13  expenses beyond the fees and expenses awarded to Plaintiff's Counsel which shall be paid solely

14  from the Escrow Account.

15        5.3    Yelp, the Individual Defendants, each of their Related Parties, all other Released

16  Persons, and the Individual Defendants' insurers shall have no responsibility for, and no liability

17  whatsoever with respect to, the division or allocation of the Fee and Expense Amount with respect to

18  any person, entity, or law firm who or that may assert some claim thereto.

19        5.4    Plaintiff's Counsel may apply to the Court for a service award of up to $3,500 for

20  Plaintiff (the "Service Award"), only to be paid upon Court approval, and to be paid out of the Fee

21  and Expense Amount, in recognition of Plaintiff's participation and effort in the issuance of the

22  Demand and subsequent prosecution and settlement of the Action.  The failure of the Court to

23  approve any requested Service Award, in whole or in part, shall have no effect on the Settlement set

24  forth in this Stipulation.  Defendants take no position on the Service Award, and neither Yelp nor

25  any of the Individual Defendants shall be liable for any portion of the Service Award.

26

27

28

**6.    Conditions and Effective Date of Settlement; Effect of Disapproval, Cancellation or Termination**

6.1    The Effective Date shall be the first date on which all of the following conditions have occurred:

(a)    a majority of the Non-Defendant Members of Yelp's Board has approved the Settlement and each of its terms as in the best interests of the Company, and its shareholders, including the separately negotiated Fee and Expense Amount;

(b)    the Court has entered the Final Approval Order and Judgment, substantially in the forms of Exhibits B and C attached hereto (including with any provision for approval under Rule 54(b)); and

(c)    the Final Approval Order and Judgment have become Final.

6.2    If for any reason the Effective Date does not occur, then this Stipulation and Settlement (including, without limitation, all releases) shall be deemed null and void and shall be canceled and terminated subject to the provisions of this paragraph, unless counsel for the Settling Parties mutually agree in writing to proceed with an alternative or modified stipulation of settlement and submit it for Court approval.  If for any reason the Effective Date does not occur, or if this Stipulation shall terminate, or be cancelled, or otherwise fail to become effective for any reason, and counsel for the Settling Parties do not mutually agree to proceed as described in the previous sentence:

(a)    The Settling Parties, Released Persons and Related Parties shall be restored, without prejudice, to their respective positions that existed as of January 28, 2022;

(b)    All negotiations, proceedings, documents prepared, positions taken, and statements made in connection with this Stipulation, or in the mediation, negotiation, or drafting of the Settlement, shall be without prejudice to the Settling Parties, shall not be deemed or construed to be an admission by or other evidence against any Settling Party of or with respect to any act, matter, claim, defense, or proposition, and shall not be used, offered, or referred to in any manner for any purpose (other than to enforce the terms remaining in effect) in any subsequent proceeding in the Action or in any other action, proceeding, or context;

1           (c)      The amount paid into the Escrow Account, if any, shall be returned to the

2 Individual Defendants' insurers, including Plaintiff's Counsel's several obligation to return any Fee

3 and Expense Amount already paid to Plaintiff's Counsel;

4           (d)      The terms and provisions of this Stipulation, with the exception of the refund

5 provisions of ¶IV.5.2, as well as ¶¶I.C, II, III, IV.6.2, 7.2, 7.3, 7.4, 7.6, 7.7, 7.8, 7.9, 7.10, 7.13, and

6 7.14, shall have no further force and effect with respect to the Settling Parties and shall not be used,

7 offered, or referred to in the Action or in any other proceeding or context for any purpose, and any

8 judgment or orders entered by the Court in accordance with the terms of the Stipulation shall be

9 treated as vacated, *nunc pro tunc*, and without prejudice to any Settling Party; and

10           (e)      The parties in the Action shall promptly meet and confer in good faith to

11 negotiate a new proposed scheduling order for the Action and, promptly upon agreeing upon a

12 proposed scheduling order, make appropriate filings: (i) to vacate the stay of proceedings in the

13 Action; and (ii) to propose the agreed-upon scheduling order for the Action.

14      6.3      No order of the Court or modification, vacatur, remand, or reversal on appeal of any

15 order of the Court concerning the amount of attorneys' fees, costs, and expenses awarded by the

16 Court to Plaintiff's Counsel shall constitute grounds for cancellation or termination of the

17 Stipulation, affect the enforceability of the Stipulation, or delay or preclude the Final Approval

18 Order and Judgment from becoming Final.

19      **7.**      **Miscellaneous Provisions**

20      7.1      The Settling Parties: (i) acknowledge that it is their intent to consummate the terms

21 and conditions of this Stipulation; and (ii) agree to cooperate to the extent reasonably necessary to

22 effectuate and implement all terms and conditions of the Stipulation and to exercise their reasonable

23 best efforts to accomplish the foregoing terms and conditions of the Stipulation.

24      7.2      The Settling Parties intend this Settlement to be a final and complete resolution of all

25 disputes between Plaintiff and Yelp and its shareholders, on the one hand, and the Released Persons,

26 on the other hand, arising out of, based upon or related to the Released Claims.  The Settlement

27 compromises claims that are contested and shall not be deemed an admission by, or evidence

28 against, any Settling Party or Released Person as to the merits of any claim, allegation, or defense.

While denying any liability or wrongdoing, the Individual Defendants and Yelp will not contest that the Demand was made and that the Action was filed in good faith and based on Plaintiff's reasonable inquiry, and acknowledge that the Action is being settled voluntarily after consultation with competent legal counsel after considering the potential strengths and weaknesses of the Plaintiff's claims and the Defendants' defenses, and the risks, rewards, costs, and burdens of continued litigation.  The releases between the parties will include releases of Yelp and all counsel who advised any Settling Party in the Action.  The Settling Parties agree that throughout the course of the litigation, all Settling Parties and their counsel complied with the provisions of Rule 11 and that the Final Approval Order submitted to the Court will contain a statement to reflect this compliance.

7.3     Neither the Stipulation nor the Settlement, including any Exhibits attached hereto, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way as a concession, admission, or evidence of the validity of any Released Claims, or of any fault, wrongdoing or liability of any Released Person or Yelp; or (ii) is or may be deemed to be or may be used as a presumption, admission, or evidence of any liability, fault, or omission of any of the Released Persons or Yelp in any civil, criminal, administrative, or other proceeding in any court, administrative agency, tribunal or other forum; or (iii) is or may be deemed to be construed, offered, or received in evidence as an admission, concession, or presumption against Plaintiff that any of his claims are without merit, or that any defenses asserted by the Individual Defendants have any merit. Neither this Stipulation nor the Settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that Plaintiff or any of the Released Persons may file or use the Stipulation, the Final Approval Order, and/or the Judgment in any action or other proceeding that may be brought by or against them in order to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, standing, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense, claim, or counterclaim.

1   7.4   All agreements made and orders entered during the course of the Action relating to
2   the confidentiality of information or sealing of documents shall survive this Stipulation and the
3   Judgment.

4   7.5   All Exhibits attached to this Stipulation are material and integral parts hereof and are
5   fully incorporated herein by this reference.

6   7.6   This Stipulation may be amended or modified only by a written instrument signed by
7   or on behalf of all Settling Parties' counsel or their respective successors-in-interest.

8   7.7   This Stipulation and the Exhibits attached hereto constitute the entire agreement
9   among the Settling Parties and no representations, warranties, or inducements have been made to any
10   Settling Party concerning this Stipulation and/or any of its Exhibits, other than the representations,
11   warranties, and covenants contained and memorialized in such documents; and the existence or
12   materiality of, or reliance upon, any such other agreements, representations, warranties, or covenants
13   are hereby disclaimed by each Settling Party.  This Stipulation supersedes and replaces any prior or
14   contemporaneous writing, statement, agreement, or understanding pertaining to the Action and no
15   parole or other evidence may be offered to explain, construe, vary, contradict, or clarify its terms, the
16   intent of the Settling Parties or their counsel, or the circumstances under which the Stipulation was
17   made or executed.  It is understood by the Settling Parties that, except for matters expressly
18   represented herein, the facts or law with respect to which this Stipulation is entered into may turn out
19   to be other than or different from the facts or law now known to each party or believed by such party
20   to be true; and each party therefore expressly assumes the risk of facts or law turning out to be
21   different, and agrees that this Stipulation shall be in all respects effective and not subject to
22   termination or modification by reason of any such different facts or law.

23   7.8   Except as otherwise expressly provided herein, all parties, including all Individual
24   Defendants, their counsel, Yelp and its counsel, and Plaintiff and Plaintiff's Counsel, shall bear their
25   own fees, costs, and expenses.

26   7.9   Each counsel or other Person executing this Stipulation or any of its Exhibits on
27   behalf of any party hereto hereby warrants that such Person has the full authority to do so.

28

7.10    Any failure by any party to this Stipulation to insist upon the strict performance by any other party of any of the provisions of the Stipulation shall not be deemed a waiver of that, or any other provision, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of the Stipulation to be performed by such other party or any other party.

7.11    The Stipulation and Exhibits may be executed in one or more counterparts.  A faxed or PDF signature shall be deemed an original signature for purposes of this Stipulation.  All executed counterparts including facsimile and/or PDF counterparts shall be deemed to be one and the same instrument.  A complete set of counterparts, either originally executed or copies thereof, shall be filed with the Court.

7.12    This Stipulation shall be binding upon, and inure to the benefit of, the Individual Defendants and the Released Persons and their respective successors, assigns, heirs, spouses, marital communities, executors, administrators, trustees in bankruptcy, and legal representatives.

7.13    Without affecting the finality of the Final Approval Order and Judgment entered in accordance with this Stipulation, the Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, the Final Approval Order, and the Judgment, and the Settling Parties and their counsel submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation, the Final Approval Order, and the Judgment and for matters arising out of, concerning or relating thereto.

1    7.14    This Stipulation and the Exhibits attached hereto shall be considered to have been

2 negotiated, executed, and delivered, and to be wholly performed, in the State of California, and the

3 rights and obligations of the Settling Parties to the Stipulation shall be construed and enforced in

4 accordance with, and governed by, the internal substantive laws of the State of California without

5 giving effect to that State's choice-of-law principles.

6        IN WITNESS WHEREOF, the Settling Parties have caused the Stipulation to be executed, by

7 themselves and/or by their duly authorized attorneys, dated January 28, 2022.

8 DATED:  January 28, 2022               ROBBINS GELLER RUDMAN
                                             & DOWD LLP
9                                        TRAVIS E. DOWNS III
                                         BENNY C. GOODMAN, III
10                                       ERIK W. LUEDEKE

11

12                                          s/ ERIK W. LUEDEKE
                                            ERIK W. LUEDEKE
13
                                         655 West Broadway, Suite 1900
14                                       San Diego, CA  92101
                                         Telephone:  619/231-1058
15                                       619/231-7423 (fax)
                                         travisd@rgrdlaw.com
16                                       bennyg@rgrdlaw.com
                                         eluedeke@rgrdlaw.com
17
                                         ROBBINS GELLER RUDMAN
18                                          & DOWD LLP
                                         SHAWN A. WILLIAMS
19                                       Post Montgomery Center
                                         One Montgomery Street, Suite 1800
20                                       San Francisco, CA  94104
                                         Telephone:  415/288-4545
21                                       415/288-4534 (fax)
                                         shawnw@rgrdlaw.com
22
                                         SHUMAN, GLENN & STECKER
23                                       KIP B. SHUMAN
                                         100 Pine Street, Suite 1250
24                                       San Francisco, CA  94101
                                         Telephone:  303/861-3003
25                                       303/536-7849 (fax)
                                         kip@shumanlawfirm.com
26

27

28

1
2   SHUMAN, GLENN & STECKER
    RUSTY E. GLENN
3   600 17th Street, Suite 2800 South
    Denver, CO  80202
4   Telephone:  303/861-3003
    303/536-7849 (fax)
5   rusty@shumanlawfirm.com

6   SHUMAN, GLENN & STECKER
    BRETT D. STECKER
7   326 W. Lancaster Avenue
    Ardmore, PA  19003
8   Telephone:  303/861-3003
    303/536-7849 (fax)
9   brett@shumanlawfirm.com

10  Attorneys for Plaintiff

11  DATED:  January 28, 2022          ARNOLD & PORTER KAYE SCHOLER LLP
                                      AARON F. MINER
12                                    TYLER FINK

13
                                      s/ AARON F. MINER
14  _____
                                      AARON F. MINER
15
                                      AARON F. MINER
16                                    TYLER FINK
                                      ARNOLD & PORTER KAYE SCHOLER LLP
17                                    250 West 55th Street
                                      New York, NY 10019-9710
18                                    Telephone:  212/836-8000
                                      212/836-8689 (fax)
19                                    Aaron.Miner@arnoldportercom

20                                    GILBERT R. SEROTA
                                      ARNOLD & PORTER KAYE SCHOLER LLP
21                                    Three Embarcadero Center, 10th Floor
                                      San Francisco, CA 94111-4024
22                                    Telephone:  415/471-3100
                                      415/471-3400 (fax)
23                                    Gilbert.Serota@arnoldporter.com

24                                    Attorneys for Individual Defendants Jeremy
                                      Stoppelman, Charles "Lanny" Baker, and Joseph R.
25                                    "Jed" Nachman, and Nominal Defendant Yelp Inc.

26
27
28

STIPULATION OF SETTLEMENT - 3:20-cv-02753                                   - 23 -
4862-2808-3718.v1

1

**ATTESTATION PURSUANT TO LOCAL RULE 5-1(h)(3)**

2        I, ERIK W. LUEDEKE, am the ECF User whose identification and password are being used

3    to file the foregoing Stipulation of Settlement.  In compliance with Local Rule 5-1(h)(3), I hereby

4    attest that Aaron F. Miner has concurred in this filing.

5

                                                                    s/ ERIK W. LUEDEKE
6    _____
                                                                  ERIK W. LUEDEKE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

ROBBINS GELLER RUDMAN
   & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
   – and –
TRAVIS E. DOWNS III (148274)
BENNY C. GOODMAN III (211302)
ERIK W. LUEDEKE (249211)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
travisd@rgrdlaw.com
bennyg@rgrdlaw.com
eluedeke@rgrdlaw.com

SHUMAN, GLENN & STECKER
KIP B. SHUMAN (145842)
100 Pine Street, Suite 1250
San Francisco, CA  94101
Telephone:  303/861-3003
303/536-7849 (fax)
kip@shumanlawfirm.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS R. INGRAO, Derivatively on Behalf of YELP INC., <br><br> Plaintiff, <br><br> vs. <br><br> JEREMY STOPPELMAN, et al. <br><br> Defendants, <br><br> – and – <br><br> YELP INC., a Delaware corporation, <br><br> Nominal Defendant. | Case No. 3:20-cv-02753 <br><br> [PROPOSED] ORDER PRELIMINARILY APPROVING DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE <br><br> EXHIBIT A |

4888-3734-0938.v2

WHEREAS, plaintiff Nicholas R. Ingrao ("Plaintiff") has moved, pursuant to Federal Rule of Civil Procedure 23.1, for an order: (i) preliminarily approving the settlement of the above-captioned shareholder derivative action (the "Action"), in accordance with the Stipulation of Settlement, dated January 28, 2022 (the "Stipulation" or "Settlement"), which, together with the Exhibits annexed thereto, set forth the terms and conditions for a proposed Settlement and dismissal of the Action with prejudice; and (ii) approving the dissemination of the Long-Form Notice of the proposed Settlement and the Short-Form Notice of the proposed Settlement;

WHEREAS, all capitalized terms contained herein shall have the meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein); and

WHEREAS, this Court, having considered Plaintiff's motion and the Stipulation and the Exhibits annexed thereto;

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.      This Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for settlement and dismissal with prejudice of the Action.

2.      A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2022, at __:___ __.m., either remotely or in person, and if in person at the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, to determine whether the Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to Yelp Inc. ("Yelp" or the "Company") and its shareholders and should be approved by the Court; whether the Final Approval Order and Judgment as provided in ¶1.4 and ¶1.10 of the Stipulation should be entered herein; whether to award the separately negotiated Fee and Expense Amount to Plaintiff's Counsel; and whether to grant the Service Award to Plaintiff.

3.      The Court approves, as to form and content, the Notice of Proposed Derivative Settlement annexed as Exhibit A-1 hereto (the "Long-Form Notice") and the Summary Notice of Proposed Derivative Settlement annexed as Exhibit A-2 hereto (the "Short-Form Notice"), and finds

1  that the publication of the Long-Form Notice, the Short-Form Notice, and the Stipulation,

2  substantially in the manner and form set forth in this Order, meets the requirements of Federal Rule

3  of Civil Procedure 23.1 and due process, is the best notice practicable under the circumstances, and

4  shall constitute due and sufficient notice to all Persons entitled thereto.

5      4.      Not later than ten (10) calendar days following entry of this Order, Yelp shall:

6          (a)      cause a copy of the Long-Form Notice, substantially in the form annexed as

7  Exhibit A-1 hereto, and the Stipulation to be filed with the U.S. Securities and Exchange

8  Commission ("SEC") along with a Current Report on SEC Form 8-K;

9          (b)      post a link to the Long-Form Notice and the Stipulation on the Company's

10  "Investor Relations" page of https://www.yelp-ir.com, the address of which shall be contained in the

11  Long-Form Notice and the Short-Form Notice; and

12          (c)      cause a copy of the Short-Form Notice, substantially in the form annexed as

13  Exhibit A-2 hereto, to be published once in *The Wall Street Journal*.

14      5.      Not later than twenty (20) calendar days following entry of this Order, Yelp's

15  Counsel shall serve on Plaintiff's Counsel and file with the Court proof, by affidavit or declaration,

16  that it has complied with ¶4 above.

17      6.      All Yelp shareholders shall be bound by all orders, determinations, and judgments of

18  the Court in the Action concerning the Settlement, whether favorable or unfavorable to Yelp

19  shareholders, as of the Effective Date.

20      7.      Pending the Effective Date, all proceedings and discovery in the Action shall be

21  stayed except as otherwise provided for in the Stipulation, and no party to the Action or any Yelp

22  shareholders shall file or prosecute any action or proceeding in any court or tribunal relating to the

23  Settlement or asserting any of the Released Claims against the Released Persons.

24      8.      All papers in support of the Settlement, Plaintiff's Counsels' Fee and Expense

25  Amount, and Plaintiff's Service Award shall be filed with the Court on or before _____, 2022,

26  and any reply briefs shall be filed with the Court on or before _____, 2022.

27      9.      Any Yelp shareholder may appear and show cause, if he, she, or it has any reason

28  why the Settlement of the Action, including the negotiated Fee and Expense Amount for Plaintiff's

1  Counsel and Plaintiff's Service Award, should not be approved as fair, reasonable, and adequate, or

2  why the Final Approval Order and Judgment should not be entered thereon, provided, however, that,

3  unless otherwise ordered by the Court, no Yelp shareholder shall be heard or entitled to contest the

4  approval of all or any of the terms and conditions of the Settlement, or, if approved, the Final

5  Approval Order and the Judgment to be entered thereon approving the same, unless that Person has,

6  at least twenty-one (21) calendar days before the Settlement Hearing, filed with the Clerk of the

7  Court appropriate proof of Yelp stock ownership, along with written objections, including the basis

8  therefore, and copies of any papers and brief in support thereof.  All written objections and

9  supporting papers must be submitted to the Court either by mailing them to:

10          Clerk of the Court
           United States District Court for the
11             Northern District of California
           Phillip Burton Federal Building
12             & United States Courthouse
           450 Golden Gate Avenue
13         San Francisco, CA  94102

14  or, by filing them in person at any location of the United States District Court for the Northern

15  District of California, to the extent that the Court is open for in-person filings.  Any Yelp shareholder

16  who does not make an objection in the manner provided herein shall be deemed to have waived such

17  objection and shall forever be foreclosed from making any objection to the fairness, reasonableness,

18  or adequacy of the Settlement as incorporated in the Stipulation and to the Fee and Expense Amount

19  and Service Award, unless otherwise ordered by the Court, but shall otherwise be bound by the Final

20  Approval Order and the Judgment to be entered and the releases to be given.

21          10.     Any attorney hired by a shareholder for the purpose of objecting to the Settlement

22  must file a notice of appearance with the Clerk of the Court no later than twenty-one (21) calendar

23  days before the Settlement Hearing.

24          11.     Neither the Stipulation nor the Settlement, including the Exhibits attached thereto, nor

25  any act performed or document executed pursuant to or in furtherance of the Stipulation or the

26  Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered, or used in any

27  way as a concession, admission, or evidence of the validity of any Released Claims or any fault,

28  wrongdoing, or liability of the Released Persons or Yelp; or (ii) is or may be deemed to be or may be

used as a presumption, admission, or evidence of any liability, fault or omission of any of the Released Persons or Yelp in any civil, criminal, or administrative or other proceeding in any court, administrative agency, tribunal, or other forum.  Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Released Persons may file or use the Stipulation, the Final Approval Order, and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, judgment bar, or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.     The Court reserves the right to change the date of, or platform used for (*i.e.* in person, telephonically, or via video), the Settlement Hearing or to modify any other dates set forth herein without further notice to Yelp shareholders, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to Yelp shareholders.

IT IS SO ORDERED.

DATED: _____          _____
                                          THE HONORABLE EDWARD M. CHEN
                                          UNITED STATES DISTRICT JUDGE

EXHIBIT A-1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ROBBINS GELLER RUDMAN
   & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
        – and –
TRAVIS E. DOWNS III (148274)
BENNY C. GOODMAN III (211302)
ERIK W. LUEDEKE (249211)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
travisd@rgrdlaw.com
bennyg@rgrdlaw.com
eluedeke@rgrdlaw.com

SHUMAN, GLENN & STECKER
KIP B. SHUMAN (145842)
100 Pine Street, Suite 1250
San Francisco, CA  94101
Telephone:  303/861-3003
303/536-7849 (fax)
kip@shumanlawfirm.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS R. INGRAO, Derivatively on Behalf of YELP INC., <br><br>                    Plaintiff, <br><br>         vs. <br><br> JEREMY STOPPELMAN, et al. <br><br>                 Defendants, <br><br>     – and – <br><br> YELP INC., a Delaware corporation, <br><br>             Nominal Defendant. | Case No. 3:20-cv-02753 <br><br> NOTICE OF PROPOSED DERIVATIVE SETTLEMENT <br><br> EXHIBIT A-1 |

4866-2700-8522.v2

**TO:**   **ALL RECORD HOLDERS AND BENEFICIAL OWNERS OF THE COMMON STOCK OF YELP INC. ("YELP" OR THE "COMPANY") AS OF JANUARY 28, 2022 (THE "RECORD DATE")**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  THIS NOTICE RELATES TO A PROPOSED SETTLEMENT AND DISMISSAL OF THE ABOVE-CAPTIONED SHAREHOLDER DERIVATIVE ACTION AND CONTAINS IMPORTANT INFORMATION REGARDING YOUR RIGHTS.  YOUR RIGHTS MAY BE AFFECTED BY THESE LEGAL PROCEEDINGS.  IF THE COURT APPROVES THE SETTLEMENT, YOU WILL BE FOREVER BARRED FROM CONTESTING THE APPROVAL OF THE PROPOSED SETTLEMENT AND FROM PURSUING THE RELEASED CLAIMS.**

**IF YOU HOLD YELP COMMON STOCK FOR THE BENEFIT OF ANOTHER, PLEASE PROMPTLY TRANSMIT THIS DOCUMENT TO SUCH BENEFICIAL OWNER.**

Notice is hereby provided to you of the proposed settlement (the "Settlement") of this shareholder derivative action.  This Notice is provided by Order of the United States District Court for the Northern District of California (the "Court").  It is not an expression of any opinion by the Court with respect to the truth of the allegations in the litigation or merits of the claims or defenses asserted by or against any party.  It is solely to notify you of the terms of the proposed Settlement, and your rights related thereto.  The terms of the proposed Settlement are set forth in a written Stipulation of Settlement dated January 28, 2022 ("Stipulation").[1]  A link to the Current Report on Form 8-K filed with the U.S. Securities and Exchange Commission ("SEC") containing the text of the Stipulation may be found on Yelp's website at the Investor Relations page at https://www.yelp-ir.com.

## I.   WHY THE COMPANY HAS ISSUED THIS NOTICE

Your rights may be affected by the settlement of the shareholder derivative action captioned *Ingrao v. Stoppelman, et al.*, Case No. 3:20-cv-02753, pending in the U.S. District Court for the Northern District of California (the "Action").

Plaintiff Nicholas R. Ingrao (on behalf of himself and derivatively on behalf of Yelp Inc. ("Yelp" or the "Company")); individual defendants Jeremy Stoppelman, Charles "Lanny" Baker, and Joseph R. "Jed" Nachman (the "Individual Defendants"); and nominal defendant Yelp

---

[1]    Capitalized terms not otherwise defined shall have the same meanings as set forth in the Stipulation.

(collectively with Plaintiff and the Individual Defendants, the "Settling Parties"), have agreed upon terms to settle the above-referenced Action and have signed the Stipulation setting forth those settlement terms.

On _____, 2022, at __:___ __.m., the Court will hold a hearing (the "Settlement Hearing") in the Action at the United States District Court for the Northern District of California, Phillip Burton Federal Building & U.S. Courthouse, 450 Golden Gate Avenue, 17th Floor, Courtroom 5, San Francisco, CA 94102, or via Zoom or other video platform, or telephonically, before the Honorable Edward M. Chen.  The purpose of the Settlement Hearing is to determine: (i) whether the terms of the proposed Settlement should be approved as fair, reasonable, and adequate, including the  separately negotiated and agreed upon amount for Plaintiff's Counsel's attorneys' fees and expenses and the service award amount for Plaintiff to be paid out of Plaintiff's Counsel's attorneys' fees and expenses; (ii) whether a final judgment should be entered and the Action dismissed with prejudice on the terms set forth in the Stipulation; and (iii) such other matters as may be necessary and proper under the circumstances.

## II.     PLAINTIFF'S PRE-SUIT LITIGATION DEMAND AND THE ACTION

### A.     The Pre-Suit Litigation Demand

On March 11, 2019, Plaintiff issued a written pre-suit litigation demand (the "Demand") under Delaware law to Yelp's Board of Directors (the "Board").  The Demand alleged that in early 2017, the Individual Defendants engaged in an unlawful scheme in which they misled Yelp shareholders about the purported success of the Company's business and advertising model and its prospects for future revenue and earnings growth.  According to the Demand, in breach of their fiduciary duties of care, good faith, and loyalty, the Individual Defendants made a series of materially false and misleading public statements that severely damaged Yelp by exposing the Company to liability for violating the federal securities laws in a class action against Yelp and the Individual Defendants, captioned *Azar v. Yelp Inc.*, No. 3:18-cv-00400-EMC (N.D. Cal.) (the "Securities Class Action").  The Demand further alleged that prior to the truth of the Individual Defendants' misconduct being revealed through the Company's May 9, 2017 announcement of decreased 2017 guidance, Yelp's co-founder and Chief Executive Officer ("CEO"), defendant

1  Jeremy Stoppelman, sold artificially inflated shares of his personal Yelp stock holdings based on

2  material, adverse, non-public information.

3        As a result of the Individual Defendants' alleged breaches of their fiduciary duties, Plaintiff

4  demanded that the Yelp Board take critical steps to preserve and protect the Company's valuable

5  claims against the Individual Defendants, including: (i) that the Board cause Yelp to "file a

6  Complaint for breach of fiduciary duty of care, breach of fiduciary duty of loyalty, and aiding and

7  abetting breaches of fiduciary duties, contribution and indemnification against [the Individual

8  Defendants] in the United States District Court for the Northern District of California"; and (ii) that

9  the Board "cause Yelp to immediately file an amended answer in the Securities [Class] Action,

10  and/or file a cross-complaint against [defendants] in the Securities [Class] Action, asserting claims

11  for relief for breach of fiduciary duty, aiding and abetting breaches of fiduciary duties, contribution,

12  indemnification and such other relief as the Board deems necessary to protect Yelp's interests

13  against [the Individual Defendants]."  The Board considered Plaintiff's Demand at its June 2019

14  meeting and made the decision to "defer further substantive consideration of the Demand until the

15  resolution of the [Securities Class Action] because the Demand 'relates to the same underlying

16  allegations . . . which Yelp has denied.'"  Plaintiff was informed of the Board's decision on July 8,

17  2019.

18      **B.**    **The Action**

19        Approximately thirteen months after issuing the Demand to the Board, on April 21, 2020,

20  Plaintiff initiated the Action by filing a Verified Shareholder Derivative Complaint for Breach of

21  Fiduciary Duty, Aiding and Abetting Breaches of Fiduciary Duty, Unjust Enrichment and Violation

22  of the Federal Securities Laws (the "Complaint") against the Individual Defendants on behalf of

23  nominal defendant Yelp.  The Complaint asserted claims against the Individual Defendants pursuant

24  to Delaware law for breach of fiduciary duty, unjust enrichment, and aiding and abetting breaches of

25  fiduciary duty, and under §§10(b) and 21D of the Securities Exchange Act of 1934 for contribution,

26  based on substantially the same factual allegations raised in Plaintiff's Demand.  In addition, the

27  Complaint alleged that Plaintiff's Demand had been constructively and wrongfully refused by the

28  Board.

On June 25, 2020, the Individual Defendants and nominal defendant Yelp ("Defendants") filed a motion to dismiss the Action (the "Motion to Dismiss") pursuant to Rules 12(b)(6) and 23.1 of the Federal Rules of Civil Procedure.  Plaintiff filed his opposition to the Motion to Dismiss on July 27, 2020, and Defendants filed a reply in support of the Motion to Dismiss on August 26, 2020.  A hearing was held in connection with the Motion to Dismiss on September 24, 2020.  On November 30, 2020, the Court entered an Order denying the Motion to Dismiss (the "MTD Order") in its entirety, concluding that the Board's deferral "amounts to a constructive rejection of the Demand . . . due to the statute of limitations."

On December 14, 2020, the Court entered an Order staying further proceedings in the Action pending the resolution of the Securities Class Action.  On December 16, 2020, Defendants filed a Motion for Leave to File a Reconsideration Motion of the Court's MTD Order (the "Reconsideration Motion").  On January 11, 2021, the Court denied Defendants' Reconsideration Motion.

### C.      Settlement Negotiations

On March 8, 2021, Plaintiff sent a settlement demand to Defendants.  Shortly thereafter, the Settling Parties agreed to participate in a private mediation to be conducted on May 6, 2021 (the "Mediation") before the Honorable Daniel Weinstein (Ret.) and Jed Melnick (the "Mediators").  In advance of the Mediation, Plaintiff and Defendants each prepared detailed mediation statements which were submitted to the Mediators and exchanged on April 26, 2021.  In addition, Defendants made a confidential production of documents to Plaintiff, which Plaintiff's Counsel reviewed and analyzed.

On May 6, 2021, representatives for the Settling Parties participated in the full-day Mediation.  Although the Settling Parties failed to reach an agreement to resolve the Action at the Mediation, settlement negotiations under the supervision of the Mediators continued thereafter, spanning a period of approximately six months.  Among other things, representatives for the respective Settling Parties engaged in extensive discussions with each other and with the Mediators concerning Plaintiff's demand for substantial financial relief for the benefit of Yelp, Yelp's corporate governance practices, and proposals exchanged by the Settling Parties related to enhancement of those corporate governance practices.  At Plaintiff's request, Defendants made an

1   additional confidential production of documents to Plaintiff in October 2021, which Plaintiff's
2   Counsel reviewed and analyzed.

3       Ultimately, these efforts culminated with the Settling Parties accepting a proposal made by
4   the Mediators (the "Mediators' Proposal") to resolve the Action on November 23, 2021. Thereafter,
5   on December 2, 2021, the Settling Parties executed a formal Memorandum of Understanding.

6       Per the terms of the Mediators' Proposal accepted by the Settling Parties, as a result of the
7   Action and the Settlement, subject to Court approval, Yelp will receive $18 million in cash to be
8   paid by the Individual Defendants' insurance carriers. In addition, Yelp will institute a series of
9   corporate governance reforms which are designed to enhance Yelp's internal controls and
10  operations. Plaintiff and Yelp believe that the proposed Settlement at this juncture on the terms
11  and on the conditions set forth herein is fair, reasonable, adequate, and in the best interests of Yelp and
12  its shareholders.

13      Further, per the terms of the Mediators' Proposal accepted by the Settling Parties and based
14  upon the substantial benefits conferred by the Settlement on Yelp and its shareholders, the Company,
15  acting through the Non-Defendant Members of Yelp's Board, has agreed to pay Plaintiff's Counsel's
16  attorneys' fees and expenses in the amount of $3.75 million (the "Fee and Expense Amount").

17  ## III.   BOARD APPROVAL OF THE SETTLEMENT

18      On January 27, 2022, the Non-Defendant Members of Yelp's Board reviewed the proposed
19  Settlement, and in a good faith exercise of their independent business judgment, determined
20  unanimously that the Settlement confers substantial benefits upon Yelp and its shareholders, and that
21  resolution of the Action on the terms set forth in the Stipulation of Settlement, including the $18
22  million cash payment to Yelp, corporate governance reforms, releases, and the Fee and Expense
23  Amount, would serve the best interests of Yelp and its shareholders.

24  ## IV.   TERMS OF THE PROPOSED SETTLEMENT

25      The principal terms, conditions and other matters that are part of the Settlement, which is
26  subject to approval by the Court, are summarized below. This summary should be read in
27  conjunction with, and is qualified in its entirety by reference to, the text of the Stipulation, which has

28

1   been filed with the Court and is available at a link on Yelp's website at the Investor Relations page at

2   https://www.yelp-ir.com.

3       **A.      The Cash Payment to Yelp**

4           In connection with the Settlement of the Action, the Individual Defendants shall cause their

5   insurers to make a cash payment in the amount of $18 million to Yelp (the "Cash Payment").  The

6   Cash Payment shall be paid into the Escrow Account within twenty (20) business days after

7   preliminary approval of the Settlement by the Court, subject to the terms and provisions of the

8   Stipulation.  Within five (5) calendar days after entry of the Final Approval Order by the Court, the

9   funds remaining in the Escrow Account, including interest thereon and after payment of the Fee and

10  Expense Amount awarded to Plaintiff's Counsel (as further described below), shall be released to

11  Yelp notwithstanding the existence of any timely filed objections to the Final Approval Order or

12  potential for appeal therefrom, or collateral attack on the Settlement, subject to Yelp's obligation to

13  make appropriate refunds or repayments if, as a result of any appeal and/or further proceedings on

14  remand, or successful collateral attack, approval of the Settlement is denied or overturned.

15          Yelp, by and through the Non-Defendant Members of Yelp's Board, acknowledges and

16  agrees that the Cash Payment confers substantial benefits upon Yelp and its shareholders.  Yelp also

17  acknowledges and agrees that Plaintiff's Demand and Plaintiff's subsequent commencement,

18  prosecution, and settlement of the Action were precipitating and material factors in the Company's

19  recovery of the Cash Payment.

20      **B.      Corporate Governance Reforms**

21          Within forty-five (45) days or at the next regularly scheduled meeting of the Yelp Board

22  (whichever comes later) following final approval of the Settlement by the Court, the Board shall

23  adopt resolutions and/or take such other actions as it deems necessary or appropriate to implement

24  the following Corporate Governance Reforms, which shall remain in effect for no less than four (4)

25  years from the date of such adoption.  Yelp, by and through the Non-Defendant Members of Yelp's

26  Board, has acknowledged and agreed that the Corporate Governance Reforms confer substantial

27  benefits upon Yelp and its shareholders.  Yelp also has acknowledged and agreed that Plaintiff's

28

Demand and Plaintiff's subsequent commencement, prosecution, and settlement of the Action were precipitating and material factors in the adoption of the Corporate Governance Reforms.

### 1. Director Independence

The Board shall ensure that at least two-thirds (66.67%) of the members of the Board shall be "independent" directors, as defined by the New York Stock Exchange ("NYSE") requirements.  In addition, a director will not be deemed independent in any calendar year for this purpose if:

(a)     The director is, or has been within the last four (4) calendar years, an employee of the Company, or an "immediate family member" (as defined in NYSE Listed Company Manual §303A.02) of the director is, or has been within the last four (4) calendar years, an executive officer, as defined in Rule 3b-7 of the Securities Exchange Act of 1934 (an "Exchange Act Executive Officer"), of the Company; or

(b)     The director has received, during the applicable calendar year or any of the three (3) immediately preceding calendar years, more than $60,000 in direct compensation from the Company, other than director and committee fees and pension or other forms of deferred compensation for prior service (provided such compensation is not contingent in any way on continued service); or

(c)     The director is employed as an Exchange Act Executive Officer of another public company on whose board of directors any of Yelp's then-current Exchange Act Executive Officers serve.

### 2. Independent Chairperson of the Board

Paragraph 1.4 of Yelp's Corporate Governance Guidelines shall be amended to include, or Yelp's Board shall otherwise adopt and implement, a provision specifying that the roles of Chairperson of the Board and CEO shall not be held by the same individual and requiring that the Chairperson of the Board be an independent director, as defined by NYSE requirements and in accordance with paragraph VI.B.1(c) above; provided however, that an individual who formerly served as an employee of the Company (including, without limitation, as an Exchange Act Executive Officer) shall not be considered non-independent for purposes of this paragraph VI.B.2 solely by

1 virtue of that individual's former status as an employee and/or that individual's compensation in

2 connection therewith.

### 3. Executive Session for Non-Management Directors

4 Paragraph 5.5 of Yelp's Corporate Governance Guidelines shall be amended to require that

5 an executive session, attended by non-management directors of the Board only, be held at each

6 regular meeting of the Board.

### 4. Sustainability Reporting

8 The Company shall institute annual sustainability reporting covering the topics set forth in

9 the Sustainability Accounting Standards Board ("SASB") Sustainability Accounting Standards for

10 the Internet, Media & Services industry (or such other SASB industry standard as may be applicable

11 to the Company); provided, however, that the Company shall not be required to report on topics

12 related to matters it deems to be of a commercially or competitively sensitive nature.

### 5. Director Training

14 The Company shall provide directors of the Board with appropriate directors' training,

15 including a comprehensive professional seminar or seminars in-person or on-line, which training

16 shall include information relevant to the understanding of their fiduciary duties as directors, and the

17 appropriate exercise of corporate action to protect the Company from outside corporate threats,

18 totaling at least three (3) hours on at least a biennial basis.  Any new director will receive training as

19 soon as practicable after election or appointment.

### 6. Majority Voting with Director Resignation Policy

21 The Company shall maintain a Majority Voting with Director Resignation Policy, which

22 states that in the event that an incumbent nominee for director in an uncontested election does not

23 receive a majority of votes cast and no successor has been elected at such meeting, the director shall

24 be required to promptly tender his or her resignation to the Board.  The Company shall review its

25 Majority Voting with Director Resignation Policy on a regular basis and amend or modify the policy

26 if it is determined to be in the best interests of the Company.

27

28

1             **7.**      **Legal Guidance Guidelines**

2         The Company shall, within three (3) months of adoption of the Corporate Governance

3 Reforms, solicit recommendations from competent legal counsel advising it on when the Board and

4 management should seek legal advice, and will agree to implement appropriate guidelines based on

5 such recommendations.

6             **8.**      **Audit Committee**

7         The Audit Committee shall at least annually evaluate the qualifications, performance and

8 independence of the Company's independent auditors, including an evaluation of the lead audit

9 partner.

10     **C.**      **The Fee and Expense Amount and Service Award**

11         After negotiating the principal terms of the Settlement, counsel for Plaintiff and Defendants,

12 with the assistance of the Mediators, negotiated the attorneys' fees and expenses to be paid to

13 Plaintiff's Counsel based on the substantial benefits conferred upon Yelp and Yelp shareholders by

14 the Settlement.  In light of the substantial benefits conferred upon Yelp and Yelp shareholders by

15 Plaintiff's Counsel's efforts, Yelp, acting by and through the Non-Defendant Members of Yelp's

16 Board, has agreed to pay the Fee and Expense Amount of $3.75 million, subject to Court approval.

17         In addition, subject to Court approval, Plaintiff's Counsel seek a Service Award in the

18 amount of up to three thousand five hundred dollars ($3,500.00) for Plaintiff, to be paid out of the

19 Fee and Expense Amount, in recognition of Plaintiff's participation and effort in the issuance of the

20 Demand and subsequent prosecution and settlement of the Action.  Defendants take no position with

21 respect to the Service Award, and neither Yelp nor any of the Individual Defendants shall be liable

22 for any portion of the Service Award.

23 **V.**      **REASONS FOR THE SETTLEMENT**

24         The Settling Parties have determined that it is desirable and beneficial that the Action, and all

25 of their disputes related thereto, be fully and finally settled in the manner and upon the terms and

26 conditions set forth in the Stipulation, and Plaintiff's Counsel believe that the Settlement is in the

27 best interests of the Settling Parties, Yelp, and its shareholders.

28

### A.     Why Did Defendants Agree to Settle?

Defendants have denied and continue to deny each and every one of the claims and contentions alleged by Plaintiff in the Action.  Defendants expressly have denied and continue to deny all allegations of wrongdoing or liability against them or any of them arising out of, based upon, or related to, any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  Without limiting the foregoing, each of the Individual Defendants has denied and continues to deny, among other things, that they breached their fiduciary duties or any other duty owed to Yelp or its shareholders or engaged in any wrongdoing, or that Plaintiff, Yelp, or its shareholders suffered any damage or were harmed as a result of any conduct alleged in the Action or otherwise.  Defendants have further asserted and continue to assert that at all relevant times, they acted in good faith and in a manner they reasonably believed to be in the best interests of Yelp and its shareholders.

Nonetheless, Defendants also have taken into account the expense, uncertainty, and risks inherent in any litigation, especially in a complex matter like the Action, and that the proposed Settlement would, among other things: (a) bring to an end the expenses, burdens, and uncertainties associated with the continued litigation of the claims asserted in the Action; (b) finally put to rest those claims and the underlying Action; and (c) confer benefits upon them, including further avoidance of disruption of their duties due to the pendency and defense of the Action.  Therefore, Defendants have determined that it is in the best interests of Yelp for the Action, and all of the Settling Parties' disputes related thereto, to be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.  Pursuant to the terms of the Settlement, the Stipulation (including all the Exhibits thereto) shall in no event be construed as or deemed to be evidence of an admission or concession by Defendants with respect to any claim of fault, liability, wrongdoing, or damage whatsoever.

### B.     Why Did Plaintiff Agree to Settle?

Plaintiff and Plaintiff's Counsel believe that the claims asserted in the Action have merit, and Plaintiff's entry into the Settlement is not intended to be and shall not be construed as an admission or concession concerning the relative strength or merit of the claims alleged in the Action.  Plaintiff

1   and Plaintiff's Counsel recognize and acknowledge the expense and length of continued proceedings
2   necessary to prosecute the Action against the Individual Defendants through trial and potential
3   appeal(s). Plaintiff and Plaintiff's Counsel also have considered the uncertain outcome and the risk
4   of any litigation, specifically a complex matter such as the Action, as well as the difficulties and
5   delays inherent in such litigation. Plaintiff and Plaintiff's Counsel also are mindful of the inherent
6   problems of proof of, and possible defenses to, the claims asserted in the Action.

7          Plaintiff's Counsel have conducted extensive investigation and analysis of, among other
8   things, the facts, claims, damages, corporate governance, and defenses, as set forth in section II
9   above. Based on Plaintiff's Counsel's thorough evaluation of these matters, the range of probable
10  recoveries, and the risks, costs, delays, and burdens on Yelp that would be entailed in any attempt to
11  improve upon the result through further litigation, Plaintiff's Counsel believe that the Settlement set
12  forth in the Stipulation is fair, reasonable, and adequate; confers substantial benefits upon Yelp and
13  its shareholders; and would serve the best interests of Yelp and its shareholders.

14  **VI.    SETTLEMENT HEARING**

15         On _____, 2022, at __:___ __.m., the Court will hold the Settlement Hearing at
16  the United States District Court for the Northern District of California, Phillip Burton Federal
17  Building & U.S. Courthouse, 450 Golden Gate Avenue, 17th Floor, Courtroom 5, San Francisco, CA
18  94102, or via Zoom or other video platform, or telephonically, before the Honorable Edward M.
19  Chen, to determine: (i) whether the terms of the proposed Settlement should be approved as fair,
20  reasonable, and adequate, including the  separately negotiated and agreed upon amount for Plaintiff's
21  Counsel's attorneys' fees and expenses and the service award amount for Plaintiff to be paid out of
22  Plaintiff's Counsel's attorneys' fees and expenses; (ii) whether a final judgment should be entered
23  and the Action dismissed with prejudice on the terms set forth in the Stipulation; and (iii) such other
24  matters as may be necessary and proper under the circumstances.

25         Pending determination of whether the Settlement should be approved, no Yelp shareholder
26  shall commence or prosecute against any of the Released Persons, any action or proceeding in any
27  court, administrative agency or other tribunal asserting any of the Released Claims.

28

**VII.    RIGHT TO ATTEND SETTLEMENT HEARING**

Any Yelp shareholder as of the Record Date may, but is not required to, appear in person (or telephonically or via any video platform as may be designated by the Court) at the Settlement Hearing.  If you want to be heard at the Settlement Hearing, then you must first comply with the procedures for objecting, which are set forth below.  The Court has the right to change the hearing date, time, or platform used (*i.e.*, in person, telephonically, or via remote video) without further notice.  Thus, if you are planning to attend the Settlement Hearing, you should confirm the date, time, and platform before going to the Court.  Yelp shareholders as of the Record Date who have no objection to the Settlement do not need to appear at the Settlement Hearing or take any other action.

**VIII.    RIGHT TO OBJECT TO THE PROPOSED SETTLEMENT AND PROCEDURES FOR DOING SO**

Any Yelp shareholder as of the Record Date may appear and show cause, if he, she, or it has any reason why the Settlement of the Action should not be approved as fair, reasonable, and adequate, or why a judgment should not be entered thereon, or why Plaintiff's Service Award or the separately negotiated Fee and Expense Amount should not be approved.  You must object in writing, and you may request to be heard at the Settlement Hearing.  If you choose to object, then you must follow these procedures.

**A.    You Must Make Detailed Objections in Writing**

Any objections must be presented in writing and must contain the following information:

1.    Your name, legal address, and telephone number;

2.    The case name and number (*Ingrao v. Stoppelman, et al.,* Case No. 3:20-cv-02753);

3.    Proof of being a Yelp shareholder as of the Record Date, January 28, 2022;

4.    The date(s) you acquired your Yelp shares;

5.    A statement of each objection being made;

6.    Notice of whether you intend to appear at the Settlement Hearing (you are not required to appear); and

7.      Copies of any papers you intend to submit to the Court, along with the names of any witness(es) you intend to call to testify at the Settlement Hearing and the subject(s) of their testimony.

The Court may not consider any objection that does not substantially comply with these requirements.

**B.      You Must Timely Deliver Written Objections to the Court**

All written objections and supporting papers must be submitted to the Court either by mailing them to:

Clerk of the Court
United States District Court for the
  Northern District of California
Phillip Burton Federal Building
  & United States Courthouse
450 Golden Gate Avenue
San Francisco, CA  94102

or, by filing them in person at any location of the United States District Court for the Northern District of California to the extent the Court is open for in-person filings.

**YOUR WRITTEN OBJECTIONS MUST BE POSTMARKED OR ON FILE WITH THE CLERK OF THE COURT NO LATER THAN _____, 2022.**

Unless the Court orders otherwise, your objection will not be considered unless it is timely filed with the Court.  Any Yelp shareholder as of the Record Date who does not make his, her, or its objection in the manner prescribed above shall be deemed to have waived the right to object to any aspect of the Settlement as incorporated in the Stipulation or otherwise request to be heard (including the right to appeal) and will be forever barred from raising such objection or request to be heard in this or any other action or proceeding, and, unless otherwise ordered by the Court, shall be bound by the Judgment to be entered and the releases to be given.

**IX.      HOW TO OBTAIN ADDITIONAL INFORMATION**

This Notice summarizes the Stipulation.  It is not a complete statement of the events of the Action or the Settlement contained in the Stipulation.  For the precise terms and conditions of the Settlement, please see the Stipulation available at https://www.yelp-ir.com, contact:

1    Plaintiff's Counsel:

2        ROBBINS GELLER RUDMAN & DOWD LLP
         Erik W. Luedeke
3        655 West Broadway, Suite 1900
         San Diego, CA  92101

4
         SHUMAN, GLENN & STECKER
5        Brett D. Stecker
         326 W. Lancaster Avenue
6        Ardmore, PA  19003

7        - and -

8    Counsel for Individual Defendants Jeremy Stoppelman, Charles "Lanny" Baker, and
     Joseph R. "Jed" Nachman, and Nominal Defendant Yelp Inc.:
9
         ARNOLD & PORTER KAYE SCHOLER LLP
10       Aaron F. Miner
         Tyler Fink
11       250 West 55th Street
         New York, NY  10019-9710,

12

13   access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic

14   Records (PACER) system at https://ecf.cand.uscourts.gov, or visit the office of the Clerk of the

15   Court for the United States District for the Northern District of California, Phillip Burton Federal

16   Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, between

17   9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. However, you must

18   appear in person to inspect these documents.  The Clerk's office will not mail copies to you.

19       If you have any questions about matters in this Notice you may contact by telephone at

20   1-800-449-4900 or in writing Rick Nelson, c/o Shareholder Relations, Robbins Geller Rudman &

21   Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101.

22       **PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE**

23   **REGARDING THIS NOTICE.**

24   DATED:  _____, 2022          BY ORDER OF THE COURT
                                            UNITED STATES DISTRICT COURT
25                                          NORTHERN DISTRICT OF CALIFORNIA

26

27

28

EXHIBIT A-2

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
  – and –
TRAVIS E. DOWNS III (148274)
BENNY C. GOODMAN III (211302)
ERIK W. LUEDEKE (249211)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
travisd@rgrdlaw.com
bennyg@rgrdlaw.com
eluedeke@rgrdlaw.com

SHUMAN, GLENN & STECKER
KIP B. SHUMAN (145842)
100 Pine Street, Suite 1250
San Francisco, CA  94101
Telephone:  303/861-3003
303/536-7849 (fax)
kip@shumanlawfirm.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS R. INGRAO, Derivatively on Behalf of YELP INC.,<br><br>               Plaintiff,<br><br>     vs.<br><br>JEREMY STOPPELMAN, et al.<br><br>               Defendants,<br><br>   – and –<br><br>YELP INC., a Delaware corporation,<br><br>            Nominal Defendant.<br>_____ ) | Case No. 3:20-cv-02753<br><br>SUMMARY NOTICE OF PROPOSED DERIVATIVE SETTLEMENT<br><br>EXHIBIT A-2 |

**TO:    ALL RECORD HOLDERS AND BENEFICIAL OWNERS OF THE COMMON STOCK OF YELP INC. ("YELP" OR THE "COMPANY") AS OF JANUARY 28, 2022 (THE "RECORD DATE")**

PLEASE TAKE NOTICE that the above-captioned shareholder derivative action (the "Action") is being settled on the terms set forth in a Stipulation of Settlement, dated January 28, 2022 (the "Stipulation" or "Settlement").[1] Under the terms of the Stipulation, in connection with the proposed Settlement, Yelp will receive a cash payment in the amount of $18 million (the "Cash Payment") and will adopt certain corporate governance reforms.

On January 27, 2022, the Non-Defendant Members of Yelp's Board reviewed the proposed Settlement, and in a good faith exercise of their independent business judgment, determined unanimously that the Settlement confers substantial benefits upon Yelp and its shareholders, and that resolution of the Action on the terms set forth in the Stipulation, including the Cash Payment to Yelp, corporate governance reforms, releases, and the Fee and Expense Amount for Plaintiff's Counsel, would serve the best interests of Yelp and its shareholders.

In light of the substantial benefits conferred upon Yelp and its shareholders by Plaintiff's Counsel's efforts, Yelp, acting by and through the Non-Defendant Members of Yelp's Board, has agreed that Plaintiff's Counsel shall receive attorneys' fees and expenses of $3.75 million, subject to Court approval.  In addition, subject to Court approval, Plaintiff's Counsel seek a Service Award of up to $3,500 for Plaintiff, to be paid out of the Fee and Expense Amount, in recognition of Plaintiff's participation and effort in the issuance of the Demand and subsequent prosecution and settlement of the Action.

**IF YOU WERE A RECORD OR BENEFICIAL OWNER OF YELP COMMON STOCK AS OF JANUARY 28, 2022, PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY AS YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THE ABOVE-REFERENCED LITIGATION.**

---

[1]    This Notice should be read in conjunction with, and is qualified in its entirety by reference to, the text of the Stipulation, which has been filed with the United States District Court for the Northern District of California. A link to the Current Report on Form 8-K filed with the U.S. Securities and Exchange Commission ("SEC") containing the text of the Stipulation may be found on the Company's website at the Investor Relations page at https://www.yelp-ir.com.  All capitalized terms herein have the same meanings as set forth in the Stipulation.

1    On _____, 2022, at __:___ __.m., the Court will hold a hearing (the
2    "Settlement Hearing") in the Action at the United States District Court for the Northern District of
3    California, Phillip Burton Federal Building & U.S. Courthouse, 450 Golden Gate Avenue,
4    17th Floor, Courtroom 5, San Francisco, CA 94102, or via Zoom or other video platform, or
5    telephonically, before the Honorable Edward M. Chen, to determine: (i) whether the terms of the
6    proposed Settlement should be approved as fair, reasonable, and adequate, including the separately
7    negotiated and agreed upon amount for Plaintiff's Counsel's attorneys' fees and expenses and the
8    service award amount for Plaintiff to be paid out of Plaintiff's Counsel's attorneys' fees and
9    expenses; (ii) whether a final judgment should be entered and the Action dismissed with prejudice on
10   the terms set forth in the Stipulation; and (iii) such other matters as may be necessary and proper
11   under the circumstances.

12      Any Yelp shareholder as of the Record Date that objects to the Settlement shall have a right
13   to appear in person (or telephonically or via any video platform as may be designated by the Court)
14   and to be heard at the Settlement Hearing, provided that he, she, or it was a shareholder of record or
15   beneficial owner as of January 28, 2022.  Any Yelp shareholder who satisfies this requirement may
16   enter an appearance through counsel of such shareholder's own choosing and at such shareholder's
17   own expense, or may appear on their own.  No shareholder of Yelp shall be heard at the Settlement
18   Hearing unless, no later than _____, 2022, such shareholder has filed with the Court, a
19   written notice of objection containing the following information:

20      1.    Your name, legal address, and telephone number;

21      2.    The case name and number (*Ingrao v. Stoppelman, et al.,* Case No. 3:20-cv-02753);

22      3.    Proof of being a Yelp shareholder as of the Record Date, January 28, 2022;

23      4.    The date(s) you acquired your Yelp shares;

24      5.    A statement of each objection being made;

25      6.    Notice of whether you intend to appear at the Settlement Hearing (you are not
26   required to appear); and

27

28

SUMMARY NOTICE OF PROPOSED DERIVATIVE SETTLEMENT - 3:20-cv-02753                    - 2 -
4887-9054-9002.v2

7.    Copies of any papers you intend to submit, along with the names of any witness(es) you intend to call to testify at the Settlement Hearing and the subject(s) of their testimony.

Only shareholders who have filed valid and timely written notices of objection will be entitled to be heard at the Settlement Hearing unless the Court orders otherwise.

If you wish to object to the proposed Settlement, you must file the written objection described above with the Court on or before _____, 2022.  All written objections and supporting papers must be submitted to the Court either by mailing them to:

> Clerk of the Court
> United States District Court for the
>   Northern District of California
> Phillip Burton Federal Building
>   & United States Courthouse
> 450 Golden Gate Avenue
> San Francisco, CA  94102

or, by filing them in person at any location of the United States District Court for the Northern District of California to the extent the Court is open for in-person filings.

**YOUR WRITTEN OBJECTIONS MUST BE POSTMARKED OR ON FILE WITH THE CLERK OF THE COURT NO LATER THAN _____, 2022.**

Unless the Court orders otherwise, your objection will not be considered unless it is timely filed with the Court.  Any Yelp shareholder as of the Record Date, who does not make his, her, or its objection  in the manner provided herein shall be deemed to have waived such objection and shall be forever foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement as incorporated in the Stipulation, to the Fee and Expense Amount and/or to Plaintiff's Service Award, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

If you have any questions about matters in this Notice you may contact by telephone at 1-800-449-4900 or in writing Rick Nelson, c/o Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101.

1    **PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE**

2    **REGARDING THIS NOTICE.**

3    DATED: _____ , 2022          BY ORDER OF THE COURT
                                             UNITED STATES DISTRICT COURT
4                                            NORTHERN DISTRICT OF CALIFORNIA

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT B

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
    – and –
TRAVIS E. DOWNS III (148274)
BENNY C. GOODMAN III (211302)
ERIK W. LUEDEKE (249211)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
travisd@rgrdlaw.com
bennyg@rgrdlaw.com
eluedeke@rgrdlaw.com

SHUMAN, GLENN & STECKER
KIP B. SHUMAN (145842)
100 Pine Street, Suite 1250
San Francisco, CA 94101
Telephone: 303/861-3003
303/536-7849 (fax)
kip@shumanlawfirm.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS R. INGRAO, Derivatively on Behalf of YELP INC., <br><br>                Plaintiff, <br><br>     vs. <br><br> JEREMY STOPPELMAN, et al. <br><br>                Defendants, <br><br>     – and – <br><br> YELP INC., a Delaware corporation, <br><br>             Nominal Defendant. | Case No. 3:20-cv-02753 <br><br> [PROPOSED] ORDER APPROVING SETTLEMENT AND ORDER OF DISMISSAL WITH PREJUDICE <br><br> EXHIBIT B |

4860-8515-7386.v2

1    This matter came before the Court for hearing pursuant to the Order of this Court, dated

2    _____, 2022 (the "Order"), on Plaintiff's motion for final approval of the settlement (the

3    "Settlement") set forth in the Stipulation of Settlement, dated January 28, 2022 (the "Stipulation").

4    Due and adequate notice having been given of the Settlement as required in said Order, and the

5    Court having considered all papers filed and proceedings had herein, and otherwise being fully

6    informed in the premises and good cause appearing therefor,

7         IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

8         1.    This Final Approval Order incorporates by reference the definitions in the Stipulation,

9    and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation (in

10   addition to those capitalized terms defined therein).

11        2.    This Court has jurisdiction over the subject matter of the Action, including all matters

12   necessary to effectuate the Settlement, and over all parties to the Action, including, but not limited

13   to, Plaintiff, Yelp Inc. ("Yelp"), all current Yelp shareholders, and the Individual Defendants.

14        3.    The Court finds that the notice provided to Yelp shareholders was the best notice

15   practicable under the circumstances of these proceedings and of the matters set forth therein,

16   including the Settlement set forth in the Stipulation, to all Persons entitled to such notice.  The notice

17   fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and due process.

18        4.    The Action and all claims contained therein, as well as all of the Released Claims, are

19   dismissed with prejudice.  As among Plaintiff, the Individual Defendants, and Yelp, the parties are to

20   bear their own costs, except as otherwise provided in the Stipulation.

21        5.    The Court finds that the terms of the Stipulation and Settlement are fair, reasonable,

22   and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation and

23   Settlement in all respects, and orders the Settling Parties to perform its terms to the extent the

24   Settling Parties have not already done so.

25        6.    Upon the Effective Date, as defined in ¶¶1.5 and 6.1 of the Stipulation, Plaintiff

26   (acting on Plaintiff's own behalf and derivatively on behalf of Yelp and its shareholders), all other

27   shareholders of Yelp, and Yelp, for good and sufficient consideration, the receipt and adequacy of

28   which are hereby acknowledged, shall be deemed to have, and by operation of law and of this Final

1  Approval Order and the Judgment shall have, fully, finally, and forever compromised, settled,

2  released, resolved, relinquished, waived, and discharged and dismissed with prejudice each and

3  every one of the Released Claims against the Released Persons.  Nothing herein shall in any way

4  impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

5           7.     Upon the Effective Date, as defined in ¶¶1.5 and 6.1 of the Stipulation, Plaintiff

6  (acting on Plaintiff's own behalf and derivatively on behalf of Yelp and its shareholders), all other

7  shareholders of Yelp, and Yelp, for good and sufficient consideration, the receipt and adequacy of

8  which are hereby acknowledged, shall be forever barred and enjoined from commencing, instituting,

9  or prosecuting any of the Released Claims against any of the Released Persons.  Nothing herein shall

10  in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

11          8.     Upon the Effective Date, as defined in ¶¶1.5 and 6.1 of the Stipulation, each of the

12  Released Persons, for good and sufficient consideration, the receipt and adequacy of which are

13  hereby acknowledged, shall be deemed to have, and by operation of law and of this Final Approval

14  Order and the Judgment shall have, fully, finally, and forever compromised, settled, released,

15  resolved, relinquished, waived, and discharged each and all of Plaintiff, Plaintiff's Counsel, and all

16  current Yelp shareholders (solely in their capacity as Yelp shareholders) from all claims (including

17  Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution,

18  assertion, settlement, or resolution of the Action or the Released Claims.  Nothing herein shall in any

19  way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

20          9.     The Court hereby approves the Fee and Expense Amount in the amount of three

21  million, seven hundred and fifty thousand dollars ($3,750,000.00) in accordance with the Stipulation

22  and finds that such fee is fair and reasonable in light of the substantial benefits conferred upon Yelp

23  by the Settlement.

24          10.    The Court hereby also approves a service award of three thousand five hundred

25  dollars ($3,500.00) for Plaintiff, to be paid solely out of the Fee and Expense Amount.

26          11.    Neither the Stipulation nor the Settlement, including the Exhibits attached thereto, nor

27  any act performed or document executed pursuant to or in furtherance of the Stipulation or the

28  Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered, or used in any

way as a concession, admission, or evidence of the validity of any Released Claims, or of any fault, wrongdoing, or liability of the Released Persons or Yelp; or (ii) is or may be deemed to be or may be used as a presumption, admission, or evidence of, any liability, fault, or omission of any of the Released Persons or Yelp in any civil, criminal, administrative, or other proceeding in any court, administrative agency, tribunal, or other forum.  Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement and Stipulation, and except that the Released Persons may file or use the Stipulation, the Final Approval Order and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, standing, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.     During the course of the Action, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11, and all other similar laws relating to the institution, prosecution, defense of, or settlement of the Action.

13.     Without affecting the finality of this Final Approval Order and the Judgment in any way, this Court hereby retains continuing and exclusive jurisdiction over the Action and the parties to the Stipulation to enter any further orders as may be necessary to effectuate, implement, and enforce the Stipulation and the Settlement provided for therein and the provisions of this Final Approval Order.

14.     This Final Approval Order and the Judgment is a final and appealable resolution in the Action as to all claims and the Court directs immediate entry of the Judgment forthwith by the Clerk in accordance with Federal Rule of Civil Procedure 58, dismissing the Action with prejudice.

**IT IS SO ORDERED**.

DATED: _____

_____
THE HONORABLE EDWARD M. CHEN
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER APPROVING SETTLEMENT AND ORDER OF DISMISSAL WITH
PREJUDICE - 3:20-cv-02753
4860-8515-7386.v2

- 3 -

EXHIBIT C

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
    – and –
TRAVIS E. DOWNS III (148274)
BENNY C. GOODMAN III (211302)
ERIK W. LUEDEKE (249211)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
travisd@rgrdlaw.com
bennyg@rgrdlaw.com
eluedeke@rgrdlaw.com

SHUMAN, GLENN & STECKER
KIP B. SHUMAN (145842)
100 Pine Street, Suite 1250
San Francisco, CA  94101
Telephone:  303/861-3003
303/536-7849 (fax)
kip@shumanlawfirm.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS R. INGRAO, Derivatively on Behalf of YELP INC., | ) ) Case No. 3:20-cv-02753 |
| Plaintiff, | ) ) [PROPOSED] JUDGMENT |
| vs. | ) ) EXHIBIT C |
| JEREMY STOPPELMAN, et al. | ) ) |
| Defendants, | ) ) |
| – and – | ) ) |
| YELP INC., a Delaware corporation, | ) ) |
| Nominal Defendant. | ) ) |

1       Plaintiff, having moved for final approval of the Settlement set forth in the Stipulation of

2   Settlement, dated January 28, 2022, and the matter having come before the Honorable Edward M.

3   Chen, United States District Judge, and the Court, on _____, 2022, having issued its Order

4   Approving Settlement and Order of Dismissal with Prejudice, and having directed the Clerk of the

5   Court to enter judgment, it is

6       **ORDERED, ADJUDGED AND DECREED:**

7       1.    This Judgment incorporates by reference the Court's Order Approving Settlement and

8   Order of Dismissal with Prejudice dated _____, 2022; and

9       2.    That for the reasons stated in, and pursuant to the terms set forth in, the Court's Order

10   Approving Settlement and Order of Dismissal with Prejudice dated _____, 2022, Plaintiff's

11   Motion for Final Approval of Settlement is granted; accordingly, this case is closed.

12   DATED:  [Insert Date]      By:

14       _____

    Clerk of Court

# EXHIBIT D

*Ingrao v. Stoppelman, et al.*,
Case No. 3:20-cv-02753-EMC (N.D. Cal.)

**CORPORATE GOVERNANCE TERM SHEET**

Either within forty five (45) days or at the next regularly scheduled meeting (whichever comes later) of the Yelp Inc. (together with its wholly owned subsidiaries, "Yelp" or the "Company") Board of Directors (the "Board") following issuance of an order finally approving the settlement (the "Settlement") of the above-referenced shareholder derivative action by the United States District Court for the Northern District of California (the "Court"), the Board shall adopt resolutions and/or amend committee charters and/or its Corporate Governance Guidelines and/or applicable corporate policies, as necessary or appropriate as determined by the Board, to adopt the following Corporate Governance Reforms, which shall remain in effect for no less than four (4) years from the date of such adoption. Notwithstanding anything to the contrary herein, the Board shall not be restricted from acting as necessary in order to discharge its fiduciary duties, subject to the limitations and restrictions imposed by the Final Approval Order of the Court approving this Settlement.[1]

Yelp acknowledges and agrees that plaintiff Nicholas R. Ingrao ("Plaintiff") was the precipitating and material factor in the adoption and implementation of the Corporate Governance Reforms set forth herein.

**1. DIRECTOR INDEPENDENCE**

The Board shall ensure that at least two-thirds (66.67%) of the members of the Board shall be "independent" directors, as defined by the New York Stock Exchange ("NYSE") requirements. In addition, a director will not be deemed independent in any calendar year for this purpose if:

(a) The director is, or has been within the last four (4) calendar years, an employee of the

---

[1]  All capitalized terms used herein that are not otherwise defined herein have the same meaning as set forth in the Stipulation of Settlement (the "Stipulation").

Company, or an "immediate family member" (as defined in NYSE Listed Company Manual §303A.02) of the director is, or has been within the last four (4) calendar years, an executive officer as defined in Rule 3b-7 of the Securities Exchange Act of 1934, (an "Exchange Act Executive Officer") of the Company; or

(b) The director has received, during the applicable calendar year or any of the three (3) immediately preceding calendar years, more than $60,000 in direct compensation from the Company, other than director and committee fees and pension or other forms of deferred compensation for prior service (provided such compensation is not contingent in any way on continued service); or

(c) The director is employed as an Exchange Act Executive Officer of another public company on whose board of directors any of Yelp's then-current Exchange Act Executive Officers serve.

## 2.  INDEPENDENT CHAIRPERSON OF THE BOARD

Paragraph 1.4 of Yelp's Corporate Governance Guidelines shall be amended to include, or Yelp's Board shall otherwise adopt and implement, a provision specifying that the roles of Chairperson of the Board and Chief Executive Officer shall not be held by the same individual and requiring that the Chairperson of the Board be an independent director, as defined by NYSE requirements and in accordance with paragraph 1(c) above; provided however, that an individual who formerly served as an employee of the Company (including, without limitation, as an Exchange Act Executive Officer) shall not be considered non-independent for purposes of this paragraph 2 solely by virtue of that individual's former status as an employee and/or that individual's compensation in connection therewith.

## 3.  EXECUTIVE SESSION FOR NON-MANAGEMENT DIRECTORS

Paragraph 5.5 of Yelp's Corporate Governance Guidelines shall be amended to require that an executive session, attended by non-management directors of the Board only, be held at each regular meeting of the Board.

**4.  SUSTAINABILITY REPORTING**

The Company shall institute annual sustainability reporting covering the topics set forth in the Sustainability Accounting Standards Board ("SASB") Sustainability Accounting Standards for the Internet, Media & Services industry (or such other SASB industry standard as may be applicable to the Company); *provided, however*, that the Company shall not be required to report on topics related to matters it deems to be of a commercially or competitively sensitive nature.

**5.  DIRECTOR TRAINING**

The Company shall provide directors of the Board with appropriate directors' training, including a comprehensive professional seminar or seminars in-person or online, which training shall include information relevant to the understanding of their fiduciary duties as directors, and the appropriate exercise of corporate action to protect the Company from outside corporate threats, totaling at least three (3) hours on at least a biennial basis.  Any new director will receive training as soon as practicable after election or appointment.

**6.  MAJORITY VOTING WITH DIRECTOR RESIGNATION POLICY**

The Company shall maintain a Majority Voting with Director Resignation Policy, which states that in the event that an incumbent nominee for director in an uncontested election does not receive a majority of votes cast and no successor has been elected at such meeting, the director shall be required to promptly tender his or her resignation to the Board.   The Company shall review its Majority Voting with Director Resignation Policy on a regular basis and amend or modify the policy if it is determined to be in the best interests of the Company.

**7.  LEGAL GUIDANCE GUIDELINES**

The Company shall, within three (3) months of adoption of the Corporate Governance Reforms, solicit recommendations from competent legal counsel advising it on when the Board and management should seek legal advice, and will agree to implement appropriate guidelines based on such recommendations.

**8.  AUDIT COMMITTEE**

The Audit Committee shall at least annually evaluate the qualifications, performance and independence of the Company's independent auditors, including an evaluation of the lead audit partner.