UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS R. INGRAO,<br><br>    Plaintiff,<br><br>    v.<br><br>JEREMY STOPPELMAN, et al.,<br><br>    Defendants. | Case No. 20-cv-02753-EMC<br><br>**ORDER APPROVING SETTLEMENT AND ORDER OF DISMISSAL WITH PREJUDICE**<br><br>Docket No. 70 |

This matter came before the Court for hearing pursuant to the Order of this Court, dated June 22, 2022 (the "Order"), on Plaintiff's motion for final approval of the settlement (the "Settlement") set forth in the Stipulation of Settlement, dated January 28, 2022 (the "Stipulation"). Due and adequate notice having been given of the Settlement as required in said Order, the Court having considered all papers filed and proceedings had herein, and for the reasons stated on the record and in the order granting preliminary approval, Docket No. 64,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Approval Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined therein).

2. This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement, and over all parties to the Action, including, but not limited to, Plaintiff, Yelp Inc. ("Yelp"), all current Yelp shareholders, and the Individual Defendants.

3. The Court finds that the notice provided to Yelp shareholders was the best notice

1  practicable under the circumstances of these proceedings and of the matters set forth therein,

2  including the Settlement set forth in the Stipulation, to all Persons entitled to such notice. The

3  notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and due process.

4      4.  The Action and all claims contained therein, as well as all of the Released Claims,

5  are dismissed with prejudice. As among Plaintiff, the Individual Defendants, and Yelp, the parties

6  are to bear their own costs, except as otherwise provided in the Stipulation.

7      5.  The Court finds that the terms of the Stipulation and Settlement are fair, reasonable,

8  and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation and

9  Settlement in all respects, and orders the Settling Parties to perform its terms to the extent the

10  Settling Parties have not already done so.

11     6.  Upon the Effective Date, as defined in ¶¶ 1.5 and 6.1 of the Stipulation, Plaintiff

12  (acting on Plaintiff's own behalf and derivatively on behalf of Yelp and its shareholders), all other

13  shareholders of Yelp, and Yelp, for good and sufficient consideration, the receipt and adequacy of

14  which are hereby acknowledged, shall be deemed to have, and by operation of law and of this

15  Final Approval Order and the Judgment shall have, fully, finally, and forever compromised,

16  settled, released, resolved, relinquished, waived, and discharged and dismissed with prejudice each

17  and every one of the Released Claims against the Released Persons. Nothing herein shall in any

18  way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

19     7.  Upon the Effective Date, as defined in ¶¶ 1.5 and 6.1 of the Stipulation, Plaintiff

20  (acting on Plaintiff's own behalf and derivatively on behalf of Yelp and its shareholders), all other

21  shareholders of Yelp, and Yelp, for good and sufficient consideration, the receipt and adequacy of

22  which are hereby acknowledged, shall be forever barred and enjoined from commencing,

23  instituting, or prosecuting any of the Released Claims against any of the Released Persons.

24  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the

25  terms of the Stipulation.

26     8.  Upon the Effective Date, as defined in ¶¶ 1.5 and 6.1 of the Stipulation, each of the

27  Released Persons, for good and sufficient consideration, the receipt and adequacy of which are

28  hereby acknowledged, shall be deemed to have, and by operation of law and of this Final

1   Approval Order and the Judgment shall have, fully, finally, and forever compromised, settled,

2   released, resolved, relinquished, waived, and discharged each and all of Plaintiff, Plaintiff's

3   Counsel, and all current Yelp shareholders (solely in their capacity as Yelp shareholders) from all

4   claims (including Unknown Claims) arising out of, relating to, or in connection with the

5   institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.

6   Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the

7   terms of the Stipulation.

8       9.   The Court hereby approves the Fee and Expense Amount in the amount of three

9   million, seven hundred and fifty thousand dollars ($3,750,000.00) in accordance with the

10  Stipulation and finds that such fee is fair and reasonable in light of the substantial benefits

11  conferred upon Yelp by the Settlement.

12      10.  The Court hereby also approves a service award of three thousand five hundred

13  dollars ($3,500.00) for Plaintiff, to be paid solely out of the Fee and Expense Amount.

14      11.  Neither the Stipulation nor the Settlement, including the Exhibits attached thereto,

15  nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the

16  Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered, or used in

17  any way as a concession, admission, or evidence of the validity of any Released Claims, or of any

18  fault, wrongdoing, or liability of the Released Persons or Yelp; or (ii) is or may be deemed to be or

19  may be used as a presumption, admission, or evidence of, any liability, fault, or omission of any of

20  the Released Persons or Yelp in any civil, criminal, administrative, or other proceeding in any

21  court, administrative agency, tribunal, or other forum.  Neither the Stipulation nor the Settlement,

22  nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the

23  Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of

24  the Settlement and Stipulation, and except that the Released Persons may file or use the

25  Stipulation, the Final Approval Order and/or the Judgment in any action that may be brought

26  against them in order to support a defense or counterclaim based on principles of *res judicata*,

27  collateral estoppel, full faith and credit, release, good faith settlement, standing, judgment bar or

28  reduction, or any other theory of claim preclusion or issue preclusion or similar defense or

United States District Court
Northern District of California

counterclaim.

12. During the course of the Action, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11, and all other similar laws relating to the institution, prosecution, defense of, or settlement of the Action.

13. Without affecting the finality of this Final Approval Order and the Judgment in any way, this Court hereby retains continuing and exclusive jurisdiction over the Action and the parties to the Stipulation to enter any further orders as may be necessary to effectuate, implement, and enforce the Stipulation and the Settlement provided for therein and the provisions of this Final Approval Order.

14. This Final Approval Order and the Judgment is a final and appealable resolution in the Action as to all claims and the Court directs immediate entry of the Judgment forthwith by the Clerk in accordance with Federal Rule of Civil Procedure 58, dismissing the Action with prejudice.

This order disposes of Docket No. 70.

The Clerk of the Court is directed to enter judgment and close this case.

**IT IS SO ORDERED**.

Dated: August 26, 2022

_____
EDWARD M. CHEN
United States District Judge